## BAXTER v. RAY ET AL.

1. **Execution:** NOTICE OF CLAIM BY THIRD PARTY: INDEMNIFYING BOND. Where an officer held several executions in favor of several plaintiffs, but against the same defendant, which he levied upon certain property as the property of such defendant, but the plaintiff herein claimed to be the owner of the property, and gave to the officer the notice prescribed by section 3055 of the Code, but gave only *one* notice, which was, however, made applicable to all the executions; and the execution creditors thereupon joined in *one* indemnifying bond; (Code, § 3056;) *held* that the one notice and the one indemnifying bond were a sufficient compliance with the statute, and that a separate notice and bond for each execution was not necessary.

2. ———: ACTION ON INDEMNIFYING BOND: ESTOPPEL: JOINDER OF PARTIES AND CAUSES. In such case, the execution plaintiffs who executed the indemnifying bond, and who, upon the security thus given, procured the property of the claimant to be sold, were estopped from insisting that the notice and bond were not a compliance with the statute; and, being all bound together, they could not claim that they were improperly joined as defendants in an action brought upon the bond by the claimant of the property, nor that there was a misjoinder of causes.

3. **Practice:** ABSENCE OF JUDGE DURING ARGUMENT TO JURY. A judge may properly be absent, when the business of the court requires it, while counsel are addressing the jury; and, unless prejudice is shown, a cause will not be reversed on account of such absence.

*Appeal from Union Circuit Court.*

MONDAY, DECEMBER 10.

ACTION upon an indemnifying bond executed by the defendants, pursuant to the provisions of Code, § 3056. There was a judgment upon a verdict for plaintiff. Defendants appeal.

*S. S. Denning* and *D. W. Higbee*, for appellants.

*McDill & Sullivan*, for appellee.

BECK, J.—I.   A constable held five executions, issued upon as many judgments, against J. A. Baxter.   Two of the judgments were in favor of one of the defendants, two

1. EXECUTION: notice of claim by third party: indemnifying bond.

in favor of another, and one in favor of the third. The writs were levied upon certain promissory notes as the property of the defendants in execution.   Thereupon plaintiff caused a notice to be served upon the constable, as prescribed in Code, § 3055, claiming the property in the notes, and demanding possession thereof. There was but one notice, and it referred to and was made applicable to all the executions by its express terms.   Thereupon the plaintiffs in execution, the defendants in this case, united in an indemnifying bond required by Code, § 3056. This bond recites the five judgments, naming the plaintiffs in each, the levy of the executions, the notice to the constable served by plaintiff, and other particulars.   It is conditioned, as the statute requires, to pay to any claimant of the property the damages he may sustain in consequence of the seizure and sale of the property.   The action is brought upon this bond.

II.   The defendants in the court below, by objection to the introduction of the notice and bond in evidence, and by in-

THE SAME.

structions to the jury asked by them, insisted that a separate cause of action arose upon each execution, and that there should have been a separate bond and notice applicable to each, instead of one applicable to all, and that there is a misjoinder of defendants and of causes of action.   These objections are renewed in this court.

The purpose of the provision of the Code above cited requiring, upon notice in writing given by the claimant of property levied upon by execution, an idemnifying bond to be executed and returned with the execution, is the protection of

the officer and the claimant of the property. The latter, in case he establishes ownership of the property in himself, may recover the damages he has sustained by the seizure and sale of the property, which would ordinarily be the value of the property. When, as in this case, several executions at the same time are levied upon the property, which is sold upon the writs, there is not and cannot be successive and separate seizures and sales upon the separate executions, but the property is seized and sold upon all the executions as one act. This is true, though the officer may make separate returns to each writ. While the writs are in his hands, he acts upon all together, and not upon each separately. No possible benefit to any party could be attained by requiring separate notices and separate bonds for each execution. And no possible prejudice could have resulted to defendants by there being but one notice and one bond.

The defendants, responding to the requirments of the law, upon the notice to the constable executed the bond, which was regarded by the constable and plaintiff as 2. ——: action on indemnifying bond: estoppel: joinder of parties and causes. sufficient to authorize the officer to sell the property; for they so treated them, and defendants obtained all the benefits and advantages they could derive from lawful papers of the kind. The notice and bond were by the defendants regarded as sufficient, and, by means of these instruments, they caused plaintiff's property to be sold upon the executions; they are estopped now to insist that the instruments are insufficient.

We are of the opinion that defendants are in no different or worse position than they would have been in had there been a notice and bond for each execution, the bonds in that case being executed by all of the defendants. In an action on one of them, the plaintiff could have recovered the value of the property against all of the defendants, and, having so recovered, he could not recover upon the other bonds.

It cannot be said that there is a misjoinder of causes of action or of defendants. The defendants are bound by the

bond; upon it plaintiff has one cause of action against the defendants jointly.

The rulings of the court below upon the admission of testimony and upon the instructions are in harmony with the views we have expressed.

III. After the evidence was submitted, the court, against defendants' objection, directed and required the argument of

*3. PRACTICE: absence of judge during argument to jury.* counsel to be made to the jury when the judge was not present, but was conducting other business of the court in a separate room. The circumstances creating occasion for this course are not shown by the record. While, doubtless, the judge should have been present, unless his absence was required by sufficient cause, we would not disturb the judgment, unless prejudice resulting from his absence is shown or could be inferred. But there is no claim of or attempt to show prejudice, and no ground to infer that any resulted from his action to defendants.

We have held that a judge may properly be absent during the progress of a trial. *Hall v. Wolff et al.*, 61 Iowa, 559.

The foregoing discussion disposes of all questions presented in argument by defendants' counsel. In our opinion the judgment of the circuit court ought to be

AFFIRMED.