## COMMONWEALTH *vs.* JOHN McCARTY.

Plymouth.    October 21, 1890. — January 7, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Perjury — Indictment — Insolvent Debtor — Examination — " Check."*

In an indictment for perjury, the substantive matter may be shown to be material by direct averment, or by allegations from which its materiality appears.

An indictment for perjury against an insolvent debtor, alleging that it was material, upon his examination under oath on a proposal filed by him for a composition with his creditors under the St. of 1884, c. 236, as amended by the St. of 1889, c. 406, § 3, to ascertain whether checks were cashed by him and money collected thereon two days before the insolvency proceedings began, sufficiently shows that the matters inquired of were material to the issue, and is not defective because it does not allege that the checks and money were of any value, or were his property, or because the word " checks " is indefinite and uncertain.

The Pub. Sts. c. 157, § 70, providing for the examination of an insolvent debtor in writing to be signed by the judge of insolvency and filed in the case, even if it applies to a hearing upon a proposal for a composition under the St. of 1884, c. 236, as amended by the St. of 1889, c. 406, § 3, is not exclusive, but authorizes an examination not in writing which may be proved by parol under the ordinary rules of evidence.

INDICTMENT for perjury, alleging that the defendant, having, on April 4, 1890, filed his petition in the Court of Insolvency, upon which due proceedings were had, on April 8 following filed in that court a written proposal for a composition with his creditors in due form of law; that at a hearing on this proposal before that court the defendant was duly sworn; and " that then and there at said hearing before said court it became and was material upon said hearing and upon examination of said John McCarty, at said hearing, touching his said estate and his dealings therewith, to ascertain and determine whether before that time, to wit, on the second day of April in the year aforesaid, the said John McCarty did get checks cashed in Boston, and whether he, the said John McCarty, did on the afternoon of said day get one J. J. Henry, in said Boston, to cash checks for him, the said John McCarty, and whether, on said second day of April, he, the said John McCarty, did collect any money in said Boston from and of the said J. J. Henry; that the said John McCarty being so duly sworn as aforesaid,

and contriving and intending to prevent the due course of law and justice on the said hearing and examination, upon his oath aforesaid, falsely, corruptly, knowingly, wilfully, and maliciously, before the said court, did testify and swear among other things in substance and to the effect following, that is to say, that he, the said John McCarty, did not on said second day of April get checks cashed in Boston, and that he, the said John McCarty, did not, on the afternoon of said second day of April, get one J. J. Henry, of Boston, to cash checks for him, the said John McCarty; and that he, the said John McCarty, did not, on said second day of April, collect any money in Boston from the said J. J. Henry ; when in truth and in fact the said John McCarty did, on the said second day of April, get checks cashed in Boston, and did, on the afternoon of said day, get one J. J. Henry, of Boston, to cash checks for him, the said John McCarty, and did on said day collect money in Boston from said J. J. Henry."

In the Superior Court, before the jury were impanelled, the defendant moved to quash the indictment, for the following reasons : " 1. It is not sufficiently alleged in said indictment that the matters inquired of were, or could be, material to the issue. 2. Because there is in said indictment no allegation that the checks and money inquired about were of any value. 3. Be-, cause the word 'checks,' used in said indictment, is indefinite, uncertain, and does not sufficiently describe what was inquired about. 4. Because it does not appear from said indictment that the checks and money inquired about were of the defendant's own estate, or such that they could be the subject of inquiry. 5. Because no offence is plainly, fully, and substantially set forth." *Barker*, J., overruled this motion ; and the defendant excepted.

At the trial, the government offered as a witness one Packard, a stenographer, who testified that he was present at the examination of the defendant in the Court of Insolvency, and took his testimony; that he was not sworn as a stenographer, or as a witness in that court, but was employed by one of the creditors of the defendant to be present and take the testimony. He was then asked by the government as to the testimony given by the defendant, at the examination, upon the matters assigned in the

indictment as perjury. The defendant objected to the inquiry, for the reason that the insolvent laws provide that a debtor, when put upon his examination, may be compelled to subscribe to his answers, after they have been reduced to writing, under oath; that such examination in writing, so signed by the defendant under oath, is the best evidence of what happens at such an examination; and that if such examination is waived by the examining creditors, thus preventing the preservation of the best evidence, the testimony of another person, not then under oath, as to what happened at such examination, is not admissible to prove perjury on the part of the defendant. The judge overruled this objection, and admitted the evidence; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*B. F. Butler & R. O. Harris*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

W. ALLEN, J. The first reason stated in the motion to quash the indictment is, that it is not sufficiently alleged that the matters inquired of were material to the issue.

The St. of 1884, c. 236, §§ 2, 3, provides that an insolvent debtor, after proceedings in insolvency are commenced, may file a proposal for composition with his creditors, and that the court shall order a hearing on such proposal. Section 6, as amended by the St. of 1889, c. 406, § 3, provides that the debtor shall be present at the hearing, and may then be examined touching his estate or his dealings therein. The indictment duly and formally alleges the proceedings in insolvency: the filing of the proposal for composition, the hearing thereon, and that the debtor, the defendant, was present at such hearing, and examined under oath touching his estate and his dealings therewith, and that he made false answers to certain material questions put to him upon such examination. The objection that the indictment does not show any issue to which the inquiries could have been material, cannot be sustained. The indictment alleges that it was material in such examination to ascertain whether on a day named the defendant did get checks cashed in Boston, and did get one Henry to cash checks for him, and did collect money of said Henry; and the

perjury is alleged to have been concerning these matters alleged to have been material.

The remaining grounds assigned for quashing the indictment are in effect one, that the alleged false statements are not shown to have been material, because no value is alleged of the checks and money, because the word "checks" is indefinite and insufficient to describe anything, and because the checks and money are not alleged to have belonged to the defendant. There are two answers to this objection. The first is, that there is a direct averment that the matters were material. The substantive matters may be shown by the indictment to be material, either by direct averment, or by allegations from which their materiality appears. The rule of pleading is satisfied by a direct averment, and with that the question of materiality becomes one of proof of that averment. It is only when there is no averment of materiality that the indictment is insufficient unless it alleges the facts from which the law infers the materiality. *Commonwealth* v. *Byron*, 14 Gray, 31, and cases cited. 2 Russ. Crimes, (9th Am. ed.) 639–642.

The averment is, in substance, that it was a material question whether the defendant had in his possession, at the time and place mentioned, checks and money. The first answer to the objection is, that the averment is sufficient, without showing how it is material. The other answer is, that, if the indictment did not contain that averment, the materiality of the matter alleged appears from the facts alleged. Upon a hearing on a proposal for composition filed by an insolvent debtor, and on an examination of the debtor at such hearing touching his estate and his dealings therein, the question to the debtor whether, two days before the filing of his petition in insolvency, he had in his possession checks and money, is a material question. A circumstance tending to prove an issue is material to the issue, though by itself wholly insufficient to prove it. Evidence of the possession of property by a defendant is material on the issue of larceny or conversion of it by him. The allegations that an insolvent debtor was under examination touching his estate and his dealings therewith, and in such examination was asked if he had checks cashed, and received money upon them, two days before he commenced the proceedings in insolvency, import that the questions are

material, and the indictment would have been good had the averment that the inquiry was material been omitted.

The defendant excepted to the admission of parol evidence of his testimony on his examination, on the ground that the Pub. Sts. c. 157, § 70, provide that examinations under that section shall, when required by the judge, be in writing, signed by the party, and filed in the case. The examination was not in writing, but the argument is, that, if the evidence provided for by the statute is not required, no evidence of the examination is competent. The statute authorizes an examination not in writing, and leaves such examination to be proved under the ordinary rules of evidence. Even if the provision of the Pub. Sts. c. 157, § 70, applies to an examination under the St. of 1889, c. 406, § 3, there is no ground for the exception.

*Exceptions overruled.*