COMMONWEALTH *vs.* PATRICK DEVINE & another.

Essex.     November 4, 1891. — January 6, 1892.

Present· ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Criminal Law — Indictment — Accessory — Subornation of Perjury.*

A charge of subornation of perjury may be joined with a charge of perjury in the
same indictment, and the perjurer and suborner may both be included in it.

An allegation in an indictment for subornation of perjury, that the perjurer " wil-
fully and corruptly " testified that she did not do certain things that were set
out, whereas she " then and there well knew " that she did do those things, is
a sufficient allegation that the perjurer testified falsely ; and an allegation that
the defendant did feloniously and maliciously incite the perjurer to commit per-
jury in the manner and form aforesaid is a sufficient averment that the defend-
ant knowingly procured the perjury.

INDICTMENT against Patrick Devine and Catherine Heaney.
The indictment was returned into the Superior Court on Octo-
ber 12, 1891, and alleged in due form that the defendant De-
vine was tried in the Police Court of Lawrence " for the crime
of maintaining a liquor nuisance at said Lawrence " on May 1,
1891, and on divers other days between that day and October 7,
1891 ; that at the trial in the police court Catherine Heaney
then and there " appeared as a witness, and was then and
there duly sworn by said court to speak the truth, the whole
truth, and nothing but the truth, on the issue then pending be-
tween the Commonwealth and the said Patrick Devine; where-
upon then and there certain questions became and were material
to said issue between said Commonwealth and the said Patrick
Devine, in substance and to the effect as follows, that is to say,
whether on Monday the fifth day of October in the year of our
Lord one thousand eight hundred and ninety-one, the said
Catherine Heaney purchased of one Mrs. Devine, whose Chris-
tian name is to said jurors unknown, the wife of said Patrick
Devine, a certain quantity of intoxicating liquor, and paid there-
for the sum of fifty cents, it being then and there material for
the Commonwealth to prove that the said Catherine Heaney did
purchase a certain quantity of intoxicating liquor from said Mrs.
Devine on Monday, the fifth day of October in the year last

aforesaid, and paid therefor the sum of fifty cents ; and to these questions the said Catherine Heaney did then and there wilfully and corruptly testify and say in substance and effect that she, the said Catherine Heaney, did not purchase any intoxicating liquor of the said Mrs. Devine on Monday, the fifth day of October aforesaid, and did not pay therefor the sum of fifty cents, whereas in truth and in fact, as the said Catherine Heaney then and there well knew, she, the said Catherine Heaney, did purchase of the said Mrs. Devine on Monday, the fifth day of October aforesaid, a certain quantity of intoxicating liquor, and whereas in truth and in fact, as the said Catherine Heaney then and there well knew, the said Catherine Heaney did pay therefor the sum of fifty cents in money. And the jurors aforesaid, on their oath aforesaid, do say and present that the said Catherine Heaney, in the manner and form aforesaid, did knowingly and wilfully commit wicked and wilful perjury.

" And the jurors aforesaid on their oath aforesaid, do further present that Patrick Devine of Lawrence in said County of Essex, before the said felony and perjury was committed in manner and form aforesaid, to wit, on the said eighth day of October, in the year of our Lord one thousand eight hundred and ninety-one, did feloniously and maliciously incite, move, procure, aid, counsel, hire, and command the said Catherine Heaney the said felony and perjury in manner and form aforesaid to do and commit, against the peace of said Commonwealth and contrary to the form of the statute in such case made and provided."

The defendant Devine moved to quash the indictment for the following among other reasons: because it does not fully and plainly substantially and formally describe any offence ; because there is a misjoinder of defendants ; because there is a misjoinder of counts ; because it does not allege that Catherine Heaney testified falsely on the trial of said complaint ; because it charges in one count separate and distinct offences, and because it does not allege that said Devine knowingly procured said Catherine Heaney to testify falsely. *Hammond,* J. overruled the motion to quash, and the defendant excepted.

The defendant Devine alone was then tried, and, after a verdict of guilty, alleged exceptions.

*C. A. De Courcy,* for the defendant Devine.

*A. E. Pillsbury,* Attorney General, *&* *C. N. Harris,* Second Assistant Attorney General, for the Commonwealth.

MORTON, J. The defendant Devine objects that the indictment does not properly charge the crime of subornation of perjury, and that a charge for subornation of perjury and for perjury cannot be joined in one indictment. It is plain, upon the authorities, that the objection is not tenable on either ground. It is also clear that the principal and accessory may be both joined in one indictment. *Commonwealth* v. *Adams,* 7 Gray, 43. *Commonwealth* v. *Adams,* 127 Mass. 15. *Commonwealth* v. *Darling,* 129 Mass. 112. *Commonwealth* v. *Mullen,* 150 Mass. 394. *Commonwealth* v. *Glover,* 111 Mass. 395. *Commonwealth* v. *Smith,* 11 Allen, 243. *Regina* v. *Tuckwell,* 1 C. & M. 215. Train & Heard's Prec. c. 15. The defendant further objects that the indictment does not allege that Catherine Heaney testified falsely, or that the defendant knowingly procured her to do so. The allegations were, in substance, that she wilfully and corruptly testified that she did not do certain things that were set out, whereas she then and there well knew that she did do those things, and that the defendant did feloniously and maliciously incite her to commit perjury in the manner and form aforesaid. This sufficiently avers that she testified falsely; and the words " feloniously and maliciously " import that the defendant knowingly procured the perjury. *Commonwealth* v. *Adams,* 7 Gray, 43. *Commonwealth* v. *McCarty,* 152 Mass. 577. There are other objections stated in the defendant's motion to quash, but we understand the above to be the only ones argued upon his brief, and therefore that the others are waived.

*Exceptions overruled.*