## STATE OF IOWA v. J. N. PORTER, Appellant.

**Evidence:** MINUTES BEFORE GRAND JURY. The minutes of evidence taken before a grand jury are not competent, as independent evidence, without the testimony of grand jurors, of what a witness testified to before them

SUBORNATION OF PERJURY. In a trial for subornation of perjury, evidence of the testimony before a grand jury of a witness claimed to have been suborned was material, as bearing upon the motive of defendant in procuring him to testify otherwise on the trial of the indictment of defendant which was based upon this witness' testimony.

**Indictment:** SUBORNATION OF PERJURY. An indictment for subornation of perjury which charged in the language of the statute that the defendant suborned and procured a witness to testify falsely need not set out the means or methods employed by defendant.

**Transcript:** ABSENCE OF JUDGE DURING JURY ARGUMENT. A conviction is not unlawful because the judge stepped out of the court room during some of the argument of defendant's counsel where he was not out of hearing of counsel, but heard all that was said and no prejudice appears.

*Appeal from Guthrie District Court.*—HON. W. A. SPURRIER, Judge.

MONDAY, MAY 23, 1898.

INDICTMENT for subornation of perjury. Verdict of guilty, and a judgment thereon, from which the defendant appealed.—*Affirmed.*

*E. W. Weeks* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

GRANGER, J.—I. The defendant was previously indicted and tried for the crime of nuisance, in keeping and selling intoxicating liquors in violation of law. On the trial of that indictment one Frank Revell was a witness for the state, and testified that he did not on or about the tenth day of February, 1894, buy intoxicating liquor of J. N. Porter at his place of business in Guthrie Center, Iowa. For so testifying, an indictment for perjury was returned against Revell, to which he pleaded guilty. This indictment against defendant is for procuring such false testimony. Revell had testified before the grand jury, at the finding of the indictment, that he had purchased liquor of Porter, and on the trial of the indictment he gave contrary testimony. The indictment in this case sets out the charging part of the indictment in the nuisance case; that Revell was a witness therein, duly sworn; and that "the said J. N. Porter did then and there willfully, corruptly, and feloniously suborn and procure him, the said Frank Revell, falsely to depose and swear, upon his oath aforesaid, in substance and to the effect following." Then follows what is charged as the false testimony. It is insisted that the simple statement that Porter did "suborn and procure" Revell to testify falsely is not enough, but that the means or method employed ought to be set out. The indictment includes the language of the statute, and this is sufficient in all cases where the statute so far individuates the offense that the offender has proper notice, from the statutory terms, of the particular crime charged. Wharton Criminal Pl. & Prac. 220. This is not a case where there is necessity for so stating the particular facts constituting the

inducement as to identify the transaction, nor is it one
in which the method or means could have been lawful.
If the defendant induced Revell to testify falsely, and
did so knowingly, it is quite immaterial what means he
used,—whether in themselves illegal or not. The crime
does not inhere in the method or means, but in the
result,—the procurement; and the defendant could be
guilty of only one such offense as to a witness in a par-
ticular case. To charge seduction in the language of
the statute is held sufficient. *State v. Curran*, 51 Iowa,
112; *State v. Conkright*, 58 Iowa, 338. And yet there
is as good reason for requiring the facts to be set out.
One guilty of subornation of perjury has been adjudged
an accessory before the fact of perjury. *Com. v. Smith*,
11 Allen, 243. So it has been held that one charged
with subornation of perjury may be presented in the
same indictment with one accused of perjury, though
each offense is made by statute a substantive felony.
*Com. v. Devine*, 155 Mass. 224 (29 N. E. Rep. 515); *Reg.
v. Goodhall*, Russ. & R, 461; *Reg. v. Goodhall*, 2 Russ.
Crimes, 622, note o. Under our statute, distinctions
between accessories before the fact and principals are
abrogated, and all must be indicted as principals. Code
1873, section 4314. And, where a crime may be com-
mitted by only one person, another may be joined in the
indictment, and convicted, for aiding therein. *State v.
Comstock*, 46 Iowa, 266. In such cases the particular
facts or method of aiding or abetting are not set out,
the crime only being charged. Why should the par-
ticular facts constituting the procurement of one to
commit perjury be particularly stated in an indictment
for subornation thereof? It is made a distinct offense,
under the statute; but this would not necessarily
change the rule of pleading, more than to require the
use of the language defining it in connection with the
necessary allegation charging the commission of per-
jury. And this seems to have been the rule generally

adopted. See Wharton Criminal Law, section 1329; Wharton Precedents, Indictments, section 597; 2 McClain, Criminal Law, section 893 *et seq.; Com. v. Devine, supra.* The court rightly held the indictment not defective in the respect claimed.

II. It appears from the record that during the trial of this indictment the trial judge was out of the court room during part of the argument to the jury. The showing is made by affidavits in support of a motion for a new trial; and while it said that he was out of the hearing of counsel, who were arguing the case to the jury, there is no claim whatever of prejudice because of the absence. So far as the facts appear, the absence was during the argument by defendant's counsel. The statement of the court made in passing on the motion for a new trial is in the record; and it appears therefrom that, while the judge stepped out of the room during some parts of the argument, he was not out of hearing of counsel, and really heard all that was said. No error appears in this respect. *Baxter v. Ray,* 62 Iowa, 336; *Hall v. Wolff,* 61 Iowa, 559.

III. There is a complaint because the court permitted witnesses to testify to what Revell's evidence was before the grand jury in the nuisance case; a ground of complaint being that the minutes of the testimony taken before the grand jury were the only competent evidence of the facts, if competent to be shown by any evidence. That the minutes taken before the grand jury are not competent as independent evidence, see *State v. Hayden,* 45 Iowa, 11. See, also, *State v. Adams,* 78 Iowa, 292. It is also claimed that such evidence was immaterial. The court, in an instruction, limited the application of such evidence to the fact whether defendant knew of such testimony before the grand jury, and as bearing upon the motive of defendant in procuring

Revell to testify otherwise on the trial of the indictment. The testimony for that purpose was clearly proper. It went to the fact of his intention to procure false testimony.

IV. The court instructed the jury that it could not find that Frank Revell purchased liquor of defendant unless Revell's testimony was corroborated by other evidence as to that fact. It is urged that there is no such corroborative evidence, but we think otherwise. While it is not of a conclusive character, it is such that a conviction should stand under the rule as to a reasonable doubt. In truth, there is little room to doubt the fact. The judgment will be affirmed.—AFFIRMED.