UNITED STATES v. COBBAN.

(Circuit Court, D. Montana. January 9, 1905.)

No. 527.

1. SUBORNATION OF PERJURY—INDICTMENT—TIME—PLACE.

Where an indictment charged that defendant corruptly suborned and procured M. to appear before R., receiver of the United States land office within the district where certain timber land applied for was situated, and to make and subscribe before him a certain oath to a certain statement in writing, and the statement included in the indictment appeared to have been made at the land office in M., Mont., June 26, 1899, and the receiver's certificate appended to the statement was subscribed and sworn to before him June 26, 1899, the indictment was not demurrable for failure to state the time or place of the commission of the offense.

2. SAME—KNOWLEDGE.

Where an indictment for subornation of perjury alleged that M., the person alleged to have been suborned, falsely, feloniously, and willfully swore to matters set forth in an application to purchase public lands, and alleged that he did not make the application in good faith, but on speculation, under a contract with defendant respecting title, and that defendant knew that M. had made a contract by which the title he might acquire should inure to defendant's benefit, and that he did not believe to be true the matters he procured M. to swear to, but knew them to be false and untrue, it sufficiently charged that M. knew the statements made by him were false, and that defendant knew that M. had knowledge of the falsity thereof.

3. SAME—CAPACITY OF OFFICER.

Where an indictment for subornation of perjury with reference to a sworn application to purchase public lands alleged that the person suborned appeared before R., who was then and there a receiver of the United States land office within the district where the land was situated, which appeared by the statement, which was a part of the indictment, to be M., Mont., the indictment sufficiently alleged the office held by R.

Fred A. Maynard, Special Asst. U. S. Atty.

Marshall & Stiff and T. J. Walsh, for defendant.

HUNT, District Judge. Defendant is charged with subornation of perjury, under the following indictment:

"United States of America, District of Montana—ss.: In the Distrcit Court of the United States within and for the District of Montana, of the April Term, in the Year of our Lord One Thousand Nine Hundred and One.

"The Grand Jurors of the United States of America, duly empanelled, sworn and charged to inquire within and for the District of Montana, and true presentments make of all crimes and misdemeanors committed against the laws of the United States within said District, upon their oaths do find charge and present:

"That one Robert M. Cobban, late of the District of Montana, unlawfully did feloniously, wilfully, and corruptly, suborn, instigate and procure one Arnold Mickels to appear in person before one William Q. Ranft, who was then and there the Receiver of the United States Land Office within the district where the land is situated, and make and subscribe before him, the said William Q. Ranft, Receiver, as aforesaid, a certain oath to a certain statement in writing, and in and by said oath and affidavit falsely, feloniously, corruptly and wilfully depose and swear, among other things, in substance and effect as follows:

"'Land Office at Missoula, Montana.

"'(Date) June 26, 1899.

"'I Arnold Mickels of (town or City) Woodworth, County of Deer Lodge, State of Montana, desiring to avail myself of the provisions of the act of Congress of June 3rd, 1878, entitled "An Act for the sale of Timber Lands in the States of California, Oregon, Nevada, and in Washington Territory," as extended to all the Public Land States by Act of August 4, 1892, for the purchase of the NW. 4/ of Section 8 Township 14 N. of Range 16 W, in the district of lands subject to sale at Missoula Land Office, Montana, do solemnly swear that I am a native citizen, or to become a citizen of the United States of the age of 38 years, and by occupation a rancher; that I have personally examined said land, and from my personal knowledge state that said land is unfit for cultivation and valuable chiefly for its timber; that it is uninhabited; that it contains no mining or other improvements, nor as I verily believe, any valuable deposit of gold, silver, cinnabar, copper, or coal; that I have made no other application under said acts; that I do not apply to purchase the lands above described on speculation, but in good faith to appropriate it to my own exclusive use and benefit, and that I have not directly or indirectly, made any agreement or contract, or in any way or manner, with any person or persons whomsoever, by which the title I may acquire from the Government of the United States may inure in whole or in part to the benefit of any person except myself, and that my post-office address is Woodworth, Deer Lodge Co., Montana, Arnold Mickels.

"'Arnold Mickels.

"'I Hereby Certify that the foregoing affidavit was read to affiant in my presence before he signed his name thereto; that said affiant is to me personally known (or has been satisfactorily identified before me by ———), and that I verily believe him to be the person he represents himself to be; and that this affidavit was subscribed and sworn to before me this 26, day of June, 1899. William Q. Ranft.'

"And thereupon the said Arnold Mickels in consequence and by means of the said willful and corrupt subornation, instigation, and procurement of the said Robert M. Cobban, then and there, appeared in person before the said Receiver aforesaid, and made and subscribed before him an oath and affidavit in writing to the said statement required by said Act of Congress, and, then and there, by and before the said Receiver aforesaid, was duly sworn and took his, the said Arnold Mickel's oath of and concerning the truth of the matters contained in his said oath and statement; he, the said William Q. Ranft, then and there, being such Receiver as aforesaid, and having due and competent authority to administer the said oath to the said Arnold Mickels, in that behalf, and the matter in which he was so sworn and took his oath being then and there a proceeding in which a law of the United States authorizes an oath to be administered;

"And it, then and there, at and upon the making and subscribing of said statement and taking his oath and affidavit to the same became and was a material question whether the said Arnold Mickels did desire to avail himself of the provisions of said Act of Congress in the purchase of the land above described for the purpose of, in good faith, appropriating to his own exclusive use and benefit or on speculation; and whether he had directly or indirectly made any agreement or contract, or in any way or manner, with any person or persons whatsoever, by which the title he should acquire from the Government of the United States would inure, in whole or in part, to the benefit of any person other than himself.

"And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present, that the said Arnold Mickels, being so sworn as aforesaid, then and there, in and by his said oath and affidavit in writing, upon his oath so taken as aforesaid, before the said William Q. Ranft, he being the said Receiver, and having such due and competent authority as aforesaid, falsely, feloniously, wilfully and corruptly and contrary to his oath so taken, did depose and swear among other things, in substance and to the effect that he the said Arnold Mickels did apply to purchase the land above described and set forth in said affidavit, not on speculation, but in good faith to appropriate it to his own exclusive use and benefit; and that he, the said Arnold Mickels, had not directly and indirectly made any agreement or contract, or in any way or manner, with any person or persons whomsoever, by which the title he might acquire from the Government of the United States might inure in whole or in part to the benefit of any person except himself;

"Whereas in truth and in fact the said Arnold Mickels at the time he was so sworn and took his said oath, did not make said application for the purchase of said land in good faith to appropriate it to his own exclusive use and benefit, but on speculation; and whereas, in truth and in fact, the said Arnold Mickels, had before and after the time he was so sworn and took his oath as aforesaid, made and entered into a certain agreement and contract with one Robert M. Cobban, by which the title he might acquire from the Government of the United States should wholly inure to the benefit of the said Robert M. Cobban; and whereas; in truth and in fact, the said Robert M. Cobban, at the time he so suborned, instigated and procured the said Arnold Mickels to make oath and affidavit and to depose and swear falsely as aforesaid, then and there, well knew that the Arnold Mickels did not apply to purchase the land above described for the purpose of in good faith, appropriating it to his own exclusive use and benefit, but for speculation; and he, the said Robert M. Cobban, then and there, well knew that the said Arnold Mickels had made and entered into a certain contract and agreement by which the title he might acquire from the Government of the United States should wholly inure to the benefit of him, the said Robert M. Cobban; and whereas in truth and in fact the said Robert M. Cobban did not then believe to be true the said matters which he so suborned, instigated and procured the said Arnold Mickels falsely and feloniously to depose and swear to, as herein above specified, but did know them to be false and untrue; and so the Grand Jurors aforesaid upon their oaths aforesaid, do say that the said Robert M. Cobban, in manner and form aforesaid, wilfully, feloniously, and corruptly did suborn, instigate, and procure the said Arnold Mickels to commit wilful, felonious and corrupt perjury; contrary to the form of the

statute in such case made and provided, and against the peace and dignity of the United States of America. William B. Rodgers,
"United States Attorney."

The defendant demurs, the first ground being that the indictment does not state the time or place of the commission of the offense. The indictment charges that the defendant did willfully, feloniously, and corruptly suborn, instigate, and procure one Arnold Mickels to appear in person before one William Q. Ranft, who was then and there receiver of the United States land office within the district where the land is situated, and to make and subscribe before him, the said receiver, a certain oath to a certain statement in writing. The statement is included in the indictment, and appears to have been made at the land office in Missoula, Mont., June 26, 1899. To the statement is appended the certificate of the receiver, wherein he states that the affidavit of Mickels was subscribed and sworn to before him June 26, 1899. The only reasonable construction to be placed upon the allegation is that the offense was committed June 26, 1899, at Missoula, Mont.

The next point is that it is not averred that Mickels knew the statements he made were false, nor that Cobban knew that Mickels knew they were false. But an examination of the indictment shows that Cobban willfully and corruptly procured Mickels to appear before the receiver and there to make oath feloniously, corruptly, and willfully, to certain things set forth in the indictment. It is also averred that Mickels, in consequence and by means of the willful subornation of Cobban, appeared in person before the receiver, and did make oath to the statement as to the truth of the matters therein contained, and then and there, at and upon the making and subscribing of said statements and affidavit, it became a material question whether Mickels did desire to avail himself of the law of Congress in the purchase of the land described, for the purpose of in good faith appropriating it to his own exclusive use or on speculation, and whether he had directly or indirectly made any agreement or contract with any person or persons by which the title which he should acquire from the United States would inure, in whole or in part, to the benefit of any person other than himself. It is then charged that Mickels, on these questions of fact, willfully and corruptly swore falsely, and the specific things so sworn to are set forth. Then follow the allegations regarding the statements made under oath by Mickels, and averring the truth and fact to be that he had made a contract with one Cobban by which the title he might procure would inure to the benefit of said Cobban, and whereas, in truth, the said Cobban, at the time he so suborned and procured said Mickels to make the oath and affidavit and to swear falsely as stated, then and there well knew that the said Mickels did not apply to purchase the land in good faith, but on speculation, and he, the said Cobban, then and there well knew that the said Mickels had made a certain agreement by which the title he might procure should inure to the benefit of him (Cobban), and whereas, in truth, the said Cobban did not then believe to be true the said matters which he so suborned and procured the said

Mickels falsely to swear to, and did know them to be false and untrue.

The direct allegations that Mickels falsely, feloniously, and willfully deposed and swore to matters and things set forth, and that he did not make his application in good faith, but on speculation, and under a contract with Cobban respecting title, are sufficient averments of a knowledge on his part that the statements he made were false, while the direct averment that Cobban knew that Mickels had made and entered into a certain contract, by which the title he might acquire should inure to his benefit, and that he did not believe to be true the matters which he procured Mickels falsely to swear to, but did know them to be false and untrue, sufficiently charges Cobban with a knowledge of the fact that Mickels knew that the statements he had made were false. Commonwealth v. Devine, 155 Mass. 226, 29 N. E. 515; Babcock v. U. S. (C. C.) 34 Fed. 876; U. S. v. Fero (D. C.) 18 Fed. 901.

It is also contended that the office that Ranft held is not named. The point is not well taken, as it is distinctly alleged that Mickels appeared before William Q. Ranft, who was then and there a receiver of the United States land office within the district where the land is situated, which appears by the statement to be Missoula, Mont. I believe this is a sufficiently certain allegation.

The demurrer is overruled, and the defendant is ordered to plead.