LOUDERMILK *v.* STATE.

Opinion delivered December 22, 1913.

1. PERJURY—AVERMENT OF MATERIALITY—SUFFICIENCY.—An indictment for perjury will be held sufficient, when it alleges that the alleged perjured testimony was material, but does not specify how it was material. (Page 552.)

2. PERJURY—INDICTMENT—AVERMENT OF FALSITY.—In an indictment charging defendant with perjury, it is not sufficient merely to aver that the oath or affidavit was false, and it is essential that it appear what the truth is, but that requirement is met if the allegation that a certain statement is false necessarily implies that its converse is true, and necessarily implies what the converse is. (Page 554.)

3. PERJURY—INDICTMENT—AVERMENT OF AUTHORITY OF OFFICER TO ADMINISTER OATH.—It is not necessary for an indictment for perjury to expressly state that the court had jurisdiction of the case in which the alleged false testimony was given, but an allegation that the court had authority to administer the oath is sufficient. (Page 554.)

4. ARREST OF JUDGMENT—AVERMENTS OF INDICTMENT.—When an indictment is considered in a motion in arrest of judgment, the language of the indictment will be given that construction and interpretation which results in holding it sufficient, if it is not manifest that another construction and interpretation is required, as called for by the plain, ordinary and usual meaning of the words of the indictment. (Page 556.)

Appeal from Logan Circuit Court, Southern District; *Jeptha H. Evans,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant was convicted for perjury and filed a motion in arrest of judgment in which he alleged that the facts stated in the indictment did not constitute a public offense. This motion was overruled and appellant was sentenced to a term in the penitentiary and he has appealed.

The indictment was as follows:

State of Arkansas

    v.

Jesse Loudermilk.

The grand jury of Logan County and Southern District in the name and by the authority of the State of Arkansas, accuse Jesse Loudermilk of the crime of perjury, committed as follows:

The said Jesse Loudermilk, on the 14th day of September, 1912, in the county and district aforesaid, on his examination as a witness duly sworn to testify to the truth, on the trial of a criminal action wherein the State, of Arkansas was plaintiff and J. D. Rupe, Ab Pyles and Fen Harper were defendants, in the court of A. J. McAmis, a justice of the peace in and for Boone township, Logan County, Arkansas, he, the said A. J. McAmis, then and there being duly commissioned and acting and legally authorized to administer an oath, did feloniously, falsely and corruptly testify that he, the said Jesse Loudermilk, stayed at the home of the said J. D. Rupe in Hackett, Sebastian County, Arkansas, during the night of the 9th day of September, 1912, and that a certain gray horse and a certain black horse, at that time owned by J. D. Rupe, were there at said time; and that he fed said horses on the evening of the 9th and on the morning of the 10th of said September, 1912, at said place, the matters so testified being material in said action and the testimony being wilfully and corruptly false, he, the said Jesse Loudermilk, at the time well knowing the same to be wilfully and corruptly false. Against the peace and dignity of the State of Arkansas.

                    J. D. Benson,

Prosecuting Attorney Fifteenth Circuit of Arkansas.

*J. H. Holland* and *Robt. J. White,* for appellant.

1. The indictment fails to charge by what court or before whom the oath or affirmation was administered. Kirby's Dig., § 1970; 30 Cyc. 1425; 54 Ark. 585; 89 Ala. 165; 24 Ark. 591.

2. It fails to charge that the justice of the peace had authority to administer the oath under which the false testimony is charged to have been given. It was necessary to charge that the oath was taken before some officer or court having authority to administer the same. 59 Ark. 113; 51 Ark. 138.

3. The indictment should charge that the justice of the peace had jurisdiction to try the cause being investigated when the alleged false oath was made, and allege facts sufficient to show jurisdiction in him. Therein the indictment fails. 45 Ark. 336; 30 Cyc. 1411; *Id.* 1429; 80 Ark. 264.

4. The indictment contains no proper averments to falsify the matter wherein the perjury is charged. A mere general averment of falsity is not sufficient. The true facts should be set forth by way of antithesis. 30 Cyc. 427; *Id.* 1437; 54 Ark. 584; 3 Wharton, Crim. Law (6 ed.), § 2259; 84 Fed. 790; 90 S. W. 650; 1 S. W. (Ky.) 435; 18 S. W. (Tex.) 792.

5. No sufficient averment of the materiality of the false testimony is contained in the indictment, and its materiality does not appear from the facts alleged. 47 Ark. 553; 29 Ark. 149; 53 Ark. 399; 32 Ark. 192.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

A motion in arrest of judgment can only raise the question whether or not the indictment charges or includes a public offense. 100 Ark. 195, 196; 101 Ark. 155. All other questions relative to the indictment pass out of the case, since no demurrer was filed.

The indictment is sufficient. 85 Ark. 195-6; 91 Ark. 200; 99 Ark. 629.

SMITH, J., (after stating the facts). Appellant makes numerous objections to this indictment, and if it was measured by the common law essentials of a good indictment for perjury, it is apparent that it would be defective for a number of reasons, but that prolixity, precision and technicality is no longer required. A statute of this State provides that:

"In indictments for perjury, it shall be sufficient to set forth the substance of the offense charged, and by what court or before whom the oath or affirmation was taken, averring such court or person to have competent authority to administer the same, together with the proper averments to falsify the matter wherein the perjury is charged or assigned, without setting forth any part of the record, proceeding or process either in law or equity, or any commission or authority of the court or person before whom the perjury was committed, or the form of the oath or affirmation, or the manner of administering the same." Kirby's Digest, § 1970.

The appellant says the indictment does not meet the requirements of this section and that it is void for reasons which may be summarized as follows:

(a) It fails to charge by what court or before whom the oath or affirmation was taken or administered.

(b) It fails to charge that the justice had authority to administer the particular oath under which the false testimony is charged to have been given.

(c) It fails to chárge that the court or justice of the peace had jurisdiction to try the cause being investigated, when the alleged false oath was made.

(d) It fails to contain proper averments to falsify the matter wherein the perjury is charged.

(e) It fails to contain sufficient averment of the materiality of the false testimony, and its materiality does not sufficiently appear from the facts alleged.

We will discuss these objections in reverse order.

(e) The indictment does not allege facts from which the materiality of the evidence appears, but it does allege that it was material, and that allegation meets the requirements of the law.

In the case of *Smith* v. *State*, 91 Ark. 203, it was contended that the indictment was bad because the materiality of the evidence alleged to be false did not appear from an inspection of the indictment, and it was there said:

"Under a statute substantially the same as section

1970 it was held in *People* v. *DeCarlo,* 124 Cal. 462, 464, 467, that an averment in an indictment that the false testimony given by the defendant was material to the 'issues tendered in said cause' was a sufficient averment of its materiality, without specifying any particular issue upon which it was material, or how it was material.

"The rule is that in indictments for perjury the false testimony or statement for which the defendant is indicted may be shown by the indictment to be material, either by direct averment, or by allegation from which their materiality appears. 'The rule of pleading is satisfied by a direct averment, and with that the question of materiality becomes one of proof of that averment. It is only when there is no averment of materiality that the indictment is insufficient, unless it alleges the facts from which the law infers the materiality.' *Commonwealth* v. *McCarty,* 152 Mass. 577, 580; *People* v. *Ennis,* 137 Cal. 263; *Greene* v. *People,* 182 Ill. 278; *Flint* v. *People,* 35 Mich. 491; 1 Russell on Crimes (International Edition, 1896), page 354; 30 Cyclopedia of Law and Procedure, 1435, and cases cited."

(d) The indictment does not expressly state what the truth was in regard to the matter about which appellant testified but it does allege that his statement, "that he, the said Jesse Loudermilk, stayed at the home of the said J. D. Rupe in Hackett, Sebastian County, Arkansas, during the night of the 9th day of September, 1912, and that a certain gray horse and a certain black horse at that time owned by J. D. Rupe were there at said time; and that he fed said horses on the evening of the 9th and on the morning of the 10th of said September, 1912," was wilfully and corruptly false, and it would have added nothing to the meaning of this indictment to have stated that the truth was that the appellant did not at that time and place feed the certain gray horse and black horse. It is necessary to recite what the truth is in regard to the thing testified about, only when that recital is essential to falsify the matter wherein the per-

jury is charged or assigned, and no such necessity exists in the present case.

Appellant cites the case of *Thomas* v. *State,* 54 Ark. 584, as authority for the proposition that an indictment is bad which does not negative the truth of the alleged false testimony by setting forth the true facts by way of antithesis. Such was the requirement of the common law, and isolated sentences in the Thomas case, *supra,* apparently give support to that proposition, but that case turned upon the question whether the averments of the indictment charged that the evidence which was given was in fact false, and it was not there decided that the truth should be set up by way of antithesis. The true rule is that while it is not sufficient merely to aver that the oath or affidavit was false, but it is essential that it must appear what the truth is, that requirement is met if the allegation that a certain statement is false necessarily implies that its converse is true, and necessarily implies what the converse is. A necessary implication is equivalent to an allegation in such cases. In the case of *Mason* v. *State,* 55 Ark. 529, the indictment alleged that false testimony had been given in regard to the destruction of a ballot box and certain ballots which had been cast by the electors on a certain day, but there was no allegation that an election had been held on that day, and in the opinion it was there said: ''The charge that the ballot box and ballots cast by the electors on the 6th day of November, 1898, were destroyed, imports the holding of an election on that day; for ballots were cast according to the common understanding of the term only at an election. The fact, though not directly alleged, is necessarily implied from the allegation; and necessary implication is equivalent to direct allegation in this part of the indictment.''

(c) It is of course essential that the court have jurisdiction of the cause it is hearing, for false swearing in a cause of which the court has no jurisdiction is not perjury. *Buell* v. *State,* 45 Ark. 336; *Gardner* v. *State,* 80 Ark. 266.

It is said in 30 Cyc. 1429 and 1430: "At common law, where the alleged false oath was taken in court, it was necessary to set forth in the indictment, with great particularity, the pleadings, records and proceedings on the trial, and the whole evidence. Prosecutions for the offense were embarrassed by this particularity, and the statute of 23 Geo. II, chap. 11, sec. 3, was passed to remove the evil. This act, which has been copied in several of the United States, dispensed with the necessity of setting out in the indictment the pleadings, or any part of the record or proceedings, declaring it sufficient to set forth the substance of the controversy, or matter in respect to which the crime was committed.

"At common law an indictment for perjury committed in a judicial proceeding must affirmatively show the jurisdiction of the court over such proceedings, which may be done either by a direct allegation to that effect, or by the allegation of facts from which the jurisdiction appears.

"Under the English statute of 23 Geo. II, chap. 11, and similar statutes in this country, declaring that it shall be sufficient in an indictment for perjury to set forth the substance of the offense charged, etc., it is not necessary for the indictment to expressly state that the court had jurisdiction of the case in which the alleged false testimony was given, but an allegation that the court had authority to administer the oath is sufficient.

"In an indictment for perjury, the authority of the officer to administer the oath must be shown by proper averment. If it is not, the indictment will be fatally defective. This may be done either by an express averment that the officer had authority, or by setting out such facts as make it judicially appear that he had such authority. Where the authority of the officer to administer the oath fully appears by the facts set forth in the indictment, the formal allegation of his authority is unnecessary, since the court will take judicial notice thereof." A number of cases are there cited which support the text.

We have this statute, substantially, and it is found as section 1970 of Kirby's Digest, herein set out above, and the indictment, while very inartistically and awkwardly drawn, contains the allegation that the justice of the peace was duly commissioned and acting and was legally authorized to administer the oath.

(b)   A discussion of the second objection is unnecessary in view of what we have said about the third objection.

(a)   We think the first objection is not well taken, although the indictment is not skilfully drawn.   But this question is now being considered on a motion in arrest of judgment, and "the only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court." Kirby's Digest, § 2427.

The provisions of this section require that every material fact necessary to constitute an offense be alleged in the indictment, but in determining whether the indictment meets that requirement, when considered upon a motion in arrest of judgment, the language employed will be given that construction and interpretation which results in holding it sufficient, if it is not manifest that another construction and interpretation is required, as called for by the plain, ordinary and usual meaning of the words of the indictment.

When thus considered, we think the indictment is good.

Other questions involving the sufficiency of the evidence and the action of the court in admitting certain evidence are raised, but we do not regard it necessary to discuss them. The points upon which appellant evidently relied for a reversal, and to the discussion of which his brief was principally devoted, have been decided adversely to his contention, and, finding no error in other respects, the judgment of the court below is affirmed.