[No. 4595.]

## FRANCIS LARNEY AND MICHAEL CRONAN *v.* JOHN E. MOONEY.

ADMISSION IN AN ANSWER.—If the complaint alleges that the defendant wrongfully and unlawfully entered upon a building and closed up several windows, a denial in the answer that the defendant wrongfully and unlawfully entered upon the premises and closed up the windows, is an admission that the defendant closed the windows.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

The defendant, on the 23d of April, 1872, leased to the plaintiffs for three years, the Brooklyn Hotel, in the city of Sacramento. Soon after the date of the lease, the defendant purchased the lot on the south side of the leased premises and erected a brick building thereon, by which he closed up several windows in the south wall of the Brooklyn Hotel. There was a covenant in the lease that the lessees should peaceably and quietly have, hold and enjoy the demised premises for the term. This was an action to recover damages for a violation of the covenant. The plaintiffs recovered judgment and the defendant appealed.

The other facts are stated in the opinion.

*Creed Haymond, Ed. M. Martin and Matt. F. Johnson,* for the Appellant.

*R. C. Clark and Armstrong & Hinkson,* for the Respondents.

By the COURT:

The fifth subdivision of the complaint is that "the defendant did then and there wrongfully and unlawfully enter upon said premises and close up said several windows." The denial is only that the defendant "*wrongfully* and *unlawfully*, after the execution of said lease, entered upon the said premises, and closed up said several windows," etc.

The seventh subdivision of the complaint is, "for that the said defendant did wrongfully and unlawfully enter upon said hotel and premises, and upon the south wall of said building did there and then build an additional wall," etc. The denial is only as follows: "Defendant denies that on the 20th day of May, 1873, or at any other time, that he committed a breach of the covenants, agreements or conditions of said lease, or any of them, by wrongfully or unlawfully entering upon the south wall of said building."

The entry of the defendant upon the demised premises is thus seen to be admitted in the pleadings, and in this view the question of damages is the only one open to inquiry. The judgment was for three hundred and ten dollars damages, and there is nothing in the record to show that for the trespass admitted in pleading it should have been for a less sum. Irrespective, therefore, of the question principally argued at bar, we think that the judgment rendered below cannot, in this condition of the record, be disturbed by us.

Judgment affirmed.

CROCKETT, J., concurring:

I concur in the judgment, on the ground that the defendant is estopped by the covenants in the lease from obstructing the windows in the hotel.