State v. Nees.

2. CRIMINAL PRACTICE:—Appeals to Supreme Court.

---

## STATE v. NEES.

INDICTMENT: *Perjury; Materiality of the false testimony.*

An indictment for perjury need not charge in *hæc verba* that the alleged false testimony was material, if it states facts from which its materiality results as a legal conclusion.

APPEAL from *Washington* Circuit Court.

Hon. J. M. PITTMAN, Judge.

*Dan. W. Jones*, Attorney General, for Appellant.

The indictment charges the appellee with perjury in willfully, feloniously and corruptly swearing falsely to a material matter, in a trial of a case before a justice of the peace, duly commissioned, acting and authorized to administer oaths, and having jurisdiction to try the case then pending.

A demurrer to this indictment was sustained.

It is submitted that the indictment was without defect of any kind, and fully complies with the requirements of *Secs. 1703–5, Mansf. Dig.*, and the rule laid down in the case of the *State v. Green, 24 Ark., 591.* The demurrer should have been overruled.

COCKRILL, C. J.   The appellee was indicted for perjury and demurred to the indictment.   The demurrer was sustained and the state appealed.

1. INDICTMENT: For perjury— materiality of false testimony. The introductory averments of the indictment are not clear and concise, and it contains a great deal that is clearly useless. A studied analysis of it, however, discloses all the elements of perjury that need be charged or proved.   It sets out facts from which the court can see that O. L. Nees is charged with false swearing in a judicial proceeding before a justice of the peace ; that the justice had jurisdiction to hear the cause and administer the oath ; that issue was joined and a trial had ; that O. L. Nees was sworn as a witness, and that his testimony in the particulars set out was false.   These allegations are made with the usual particularity as to time, place, the names of the parties to the suit, the justice before whom it was pending, with other details and technical averments.   It was not expressly averred that the alleged false testimony was material to the issue in the cause in which it was given ; but it was charged that the action was against the defendant and another, for money had and received by the defendant for the use of one Squire Rorseley ; that the issue was whether the defendant had so received the

money; that he swore he had not, when in fact he knew that he had.

It is apparent from these averments that the evidence which is charged to be false was material, and when that is made to appear, it is not essential that the pleader should state the legal conclusion by alleging that the evidence was material. The court being apprised of the facts may draw the conclusion without the allegation. *Nelson v. State, 32 Ark., 192; 2 Bish. Cr. Pro., 921.*

The indictment then is direct and certain as to the party charged, the offense charged, the county in which it was committed, and the circumstances necessary to constitute it. *State v. Green, 24 Ark., 591.* This constitutes a good indictment. *Mansf. Dig., secs. 2105–7.*

Let the judgment be reversed, and the cause remanded with instructions to overrule the demurrer and for further proceedings.