## THOMAS v. STATE.

1. PERJURY: *Assignment of, in indictment.*

The defendant was indicted for perjury alleged to have been committed in an affidavit appended to an account for the burial expenses of a pauper. The affidavit stated that the articles furnished were reasonably worth the sums charged for them—thirteen dollars for clothing and ten dollars for a coffin— and that they were charged at their cost prices. The assignment of perjury is "that the said R. F. T. did not furnish the said E. J., deceased, a suit of clothes, pants," etc., "of the value of thirteen dollars as charged and sworn to in said account, and one coffin of the value of ten dollars, as sworn to as above stated." *Held:* That the effect of such assignment, if sufficient for any purpose, is to admit the furnishing of the articles and to deny that they were of the value stated in the affidavit.

2. SAME: *Evidence to sustain charge.*

On a trial for perjury, the oath of the defendant which is charged to have been false, is to be considered equal to that of a credible witness. One witness is sufficient to prove what he swore, but not to establish its falsity; and where there is only one accusing witness, his testimony must be corroborated, not merely as to slight or immaterial circumstances, but as to some particular false statement.

APPEAL from *Randolph* Circuit Court.

JAMES W. BUTLER, Judge.

*The Appellant pro se.*

As to what an indictment should contain, see Mansf. Dig., sec. 2121., sub. 2d; as to certainty and form, 24 Ark., 591. It is vague and uncertain and therefore bad.

The evidence shows that the clothes and coffin were furnished, and the witness as to value is uncorroborated by any testimony whatever, or any circumstances. See article in January No., 1888, Nat. Law Review, page 22.

*Dan. W. Jones,* Attorney General, for appellee.

The indictment good. Mansf. Dig., secs. 1704-5; 24 Ark., 594. It is sufficiently definite and certain. Mansf. Dig. secs. 2105-6-7 and note (EE) to sec. 2105. It charges

Thomas v. State.

an offense within the jurisdiction of the court.    Mansf. Dig.,
sec. 2302; 47 Ark., 233.

BATTLE, J.

Appellant presented an account for allowance, to the Ran-
dolph county court, in which he charged the county of Randolph
thirteen dollars for a coat, pants, vest and underclothing, and
ten dollars for a coffin, furnished by him for the dressing and
burial of the remains of Elijah Johnson, a poor and indigent
person who died in the county.   He appended an affidavit
to the account, in which he swore that the amount charged
was the cost of the same; that the coffin furnished was such
as cabinet workmen usually sell for ten dollars; that the ac-
count was just; that the prices charged are what the articles
furnished were reasonably worth in currency; and that the
statements made in the account are true.   For making this
affidavit he was indicted for perjury.   The assignments of
perjury in the indictment are in the following words: "The
said R. F. Thomas well knew that said affidavit was false
and fraudulent when he so made it, the truth being that the said
R. F. Thomas did not furnish the said Elijah Johnson, deceased,
a suit of clothes, pants, vest and underclothing of the value of
thirteen dollars as charged and sworn to in said account,
and one coffin of the value of ten dollars, as sworn to as
above stated."

1. PERJURY: Assigment in indict- ment.

The effect of the assignments of perjury contained in the in-
dictment, if sufficient for any purpose, is to admit the fur-
nishing of the clothes and coffin, and to deny that the clothes
were of the value of thirteen dollars, and that the coffin was
worth ten dollars.   *Schaetzel v. Germantown, etc., Ins. Co.,*
22 Wis., 412; *Feely v. Shirley*, 43 Cal., 369; *Larney v.
Mooney*, 50 Cal., 610.   The question, therefore, is, did ap-
pellant feloniously, wilfully, *falsely*, knowingly, and corruptly

swear that the clothes were worth thirteen dollars and the coffin ten dollars, as charged in the indictment?

**2. SAME: Evidence.**   . To sustain an indictment for perjury, the evidence must more than counterbalance the oath of the prisoner and the legal presumption of his innocence. One witness is sufficient to prove what the witness swore, but more is necessary to prove the falsity of what was sworn. The oath of the prisoner is entitled to have the same effect as is given to that of a credible witness. If nothing more than the testimony of one witness was introduced to prove its falsity, the scale of evidence would be exactly balanced, and additional evidence would be necessary to destroy the equilibrium before the accused could be convicted. The additional evidence must, therefore, be corroborative of the testimony of the accusing witness; and the corroboration must go beyond slight, indifferent or immaterial particulars, and must go to some one particular false statement. "It will not be sufficient to prove by one inadequate line of testimony that one statement made by the defendant is false, and then by another inadequate line of testimony that another statement made by him is false." 1 Greenl. Ev., secs. 257, 258; 3 Ib., secs. 198, 200; Wharton Cr. Ev., sec. 387; 2 Bish. Cr. Pro. (3d Ed.), secs. 928, 933, 938.

Tested by the rule laid down, the verdict of the jury in this case was not sustained by evidence. The judgment of the court below is, therefore, reversed and this cause is remanded for a new trial.