GRISSOM *v.* STATE.

Opinion delivered November 16, 1908.

1. PERJURY—VARIANCE.—Where an indictment for perjury alleged that defendant falsely testified that he saw one A "set fire to and burn a certain house, the property of one Antnia Grissom," and the proof showed that he falsely swore that he saw A set fire to and burn a certain house on Antnia Grissom's place, the variance was not material, as it could not mislead the defendant or expose him to danger of being put twice in jeopardy for the same offense. (Page 116.)

2. INSTRUCTIONS—REPETITION.—It was not error to refuse to repeat instructions. (Page 117.)

3. PERJURY—WHEN ESTABLISHED.—The falsity of testimony alleged to be perjured is sufficiently established by the testimony of two witnesses and evidence of a contradictory statement of the defendant. (Page 117.)

4. SAME—MATERIALITY OF TESTIMONY FOR COURT.—Where there is no dispute about the facts sworn to, the question whether the testimony on which perjury is assigned is material is a question of law to be decided by the court, and not of fact to be decided by the jury. (Page 117.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; affirmed.

*McKay & Lile,* for appellant.

1. When the indictment contains only one assignment, a failure to prove *all* the statement substantially as assigned is fatal. 48 S. W. 169; 9 Enc. of Ev. 775; 118 Ga. 330; 23 Neb. 436; 90 Mo. 530; 85 Ark. 195; 54 *Id.* 584. The variance was fatal.

2. A conviction for perjury cannot be sustained on the testimony of one witness; there must be corroborating facts and circumstances. 51 Ark. 140; 9 Enc. of Ev. 760; Greenl. on Ev. (15 Ed.) vol. 1, § 257; 90 S. W. 223. There were none.

3. Materiality cannot be presumed; it must be proved. 32 Ark. 192; 64 *Id.* 474.

4. In view of the above authorities the instruction given were erroneous, and those refused or modified should have been given as asked.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* assistant for appellee.

1. The proof is responsive to the only issue. Substantial proof is sufficient. See cases cited by counsel.

2. A charge of perjury may be sustained by any legal evidence of a nature and sufficient to disprove the truth of the testimony upon which perjury is assigned. 53 Ark. 395. In this case there were two contradictory witnesses, and one who corroborates their statements. This is sufficient.

3. Our statute requires only that the indictment shall set forth the substance of the offense charged.

4. Counsel's citations show no error in the court's charge.

HILL, C. J. Jack Grissom was indicted for the crime of perjury, alleged to have been committed on the trial of Abe Mallory, charged with arson in the Columbia Circuit Court, in that he falsely testified that he saw Abe Mallory "set fire to and burn a certain house, the property of one Antnia Grissom." He was convicted, and has appealed.

I. It is alleged that there is a variance between the indictment and the testimony attributed to the defendant upon which the charge is founded, in that the evidence to sustain the charge does not conform to the charge in the indictment. The evidence was as follows: "Q. Do you remember the time the lodge was burned on Antnia's place? A. Yes, sir; some time in this last gone August. Q. Who burned it? A. Brother Abe Mallory. Q. Did you see him burn it? A. Yes, sir." And, further, it was shown that he described the house or lodge as a box house.

The defendant asked an instruction to the effect that the jury must be satisfied beyond a reasonable doubt that the defendant had sworn falsely that he saw Abe Mallory set fire to and burn a certain house, the property of Antnia Grissom, and the court modified the same by adding thereto, "or a certain house on the place of Antnia Grissom." The question presented is, whether there is a variance between the allegation that he "set fire to and burned a certain house, the property of Antnia Grissom," and the proof that he set fire to and burned a certain house on the place of Antnia Grissom.

The modern rule on the subject is thus stated: "A variance is not now regarded as material unless it is such as might mislead the defense, or might expose the accused to the danger of being put twice in jeopardy for the same offense." 3 Rice on Evidence, § 121.

"In determining whether a variance is material, the ques-

tion to be decided is, does the indictment so far fully and correctly inform the defendant of the criminal act with which he is charged that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense? If this be not so, then the variance is material, and, the State having failed to prove the crime in substance as it is alleged, the acquittal of the accused should be directed." Underhill on Criminal Evidence, p. 41.

Applying this common sense rule to the question before the court, it cannot be seen wherein the variance misled the defense or could possibly expose the accused to the danger of being twice put in jeopardy for the same offense.

II. The next assigned error is the failure to give instruction number three as requested. But the substance of this was covered in instructions given.

III. It is insisted that it has always been the rule that a conviction on a charge of perjury cannot be sustained on the testimony of one witness, but there must at least be, in addition to the positive testimony of one witness, facts and circumstances strongly corroborating the testimony of the one witness. The correct rule on this subject is laid down in *Thomas* v. *State,* 51 Ark. 138, and *Marvin* v. *State,* 53 Ark. 395. In this case there was testimony of two witnesses, and evidence of a contradictory statement of the defendant. This evidence more than satisfies the rule announced in the cases above mentioned.

IV. Defendant asked, and the court refused to give, an instruction telling the jury that the State had failed to show that the statement made by the defendant was material, and that they must acquit the defendant. The evidence is undisputed that Mallory was on trial charged with the crime of arson, and the State, to sustain this charge, introduced the defendant, who swore he saw him set fire to and burn the house charged in the indictment at the time and place therein mentioned. There is the testimony of two witnesses, and some circumstances in addition thereto, that this testimony was false. There was no other testimony on the subject.

Chief Justice ENGLISH said: "When there is no dispute about the facts sworn to, the question whether the testimony on

which perjury is assigned is material is a question of law to be decided by the court, and not of fact to be passed on by the jury." *Nelson* v. *State,* 32 Ark. 192. The court left it to the jury to say whether the testimony was material or not; and, in view of the evidence just outlined, there could be no other finding than that it was material; but it would have been within the province of the court to have told the jury that the evidence was material. Certainly, there is no prejudicial error in refusing to direct a verdict because the State did not introduce testimony to prove that alleged perjured testimony was material when it went to the very gist of the case, and was shown by the undisputed evidence in the case.

Finding no error in the case, the judgment is affirmed.