BROOKS v. STATE.

Opinion delivered October 4, 1909.

1. PERJURY—INSTRUCTION.—Where the undisputed evidence in a perjury case showed that the alleged false matters sworn to were material, failure of the court to instruct the jury that the alleged false evidence

must be shown to be not only false but also material to the issue was not error.  (Page 508.)

2.  SAME—MATERIALITY OF TESTIMONY.—Where there is no dispute about the facts sworn to, the question of materiality is for the court. (Page 509.)

3.  SAME—CORROBORATION—INSTRUCTION.—Where the uncontradicted testimony in a perjury case shows that there was testimony corroborating the prosecuting witness as to some particular false statement, the failure of the court to tell the jury that there must be corroborating evidence was not prejudicial.  (Page 509.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed as to Stewart, affirmed as to Brooks.

### STATEMENT BY THE COURT.

Appellants were convicted on separate indictments in the Sebastian Circuit Court of the crime of perjury.   The indictments charged in apt language that Hallie Stewart was on trial before the police court of the city of Fort Smith for the offense of using a room for immoral purposes, *i. e.,* with having used the room with one Wm. Brent for purposes of prostitution, and that the police court had jurisdiction.   It was alleged that the perjury consisted in appellants swearing falsely that Grant Brooks was not at the room on the night when it was alleged that Hattie Stewart and Wm. Brent used the same for immoral purposes; that Grant Brooks did not see Wm. Brent and Hallie Stewart together in the room; that Grant Brooks did not knock Hallie Stewart down at her room on that night, and that Grant Brooks did not have a difficulty with Wm. Brent at her room that night.

The testimony of L. F. Fishback, the police judge, shows that appellants were witnesses in the case against Hallie Stewart pending before him, that they were duly sworn, and testified to the facts as alleged in the indictments.   He further testified that Hallie Stewart had a wound on the bridge of her nose just between the eyes, that her eyes were swollen and discolored.

Eliza Brent testified:   I am the wife of Wm. Brent.   On Monday morning, March 20, 1909, I heard that my husband and Grant Brooks had had some kind of a difficulty on the Saturday night before.   I went to Schulte's stable, and got one of the men to show me Grant Brooks.   Brooks told me the trouble between him and my husband was over a crap game.   I insisted

that it was not over a crap game, but over Hallie Stewart, and he said that if I wanted him to tell me the truth he would do so; that my husband was at Hallie Stewart's house on Saturday night, and she sent for him; when he got there she had on a gauze shirt and a pair of drawers, and Wm. Brent was just putting on his clothes.

Wm. Brent testified as follows: I was at Hallie Stewart's room on Saturday night, March 19, 1909. Grant Brooks came into the room where we were. At the time Grant Brooks came into the room Hallie Stewart was putting on her clothes. Brooks knocked Hallie Stewart down and took a swing at me, but did not hit me.

The appellants were each witnesses in their own behalf. Hallie Stewart testified: I know Wm. Brent and Grant Brooks. I was arrested on the 21st of March, 1909, upon the charge of having used a room for immoral purposes with Wm. Brent. I was charged with using it on the night of March 19. I was tried in police court on March 23, and testified in my own behalf. I said, in the police court, that Wm. Brent was not at my room on the night we were charged with having used the room for the purpose of prostitution; that Grant Brooks did not knock me down on that night; that Grant Brooks and Wm. Brent did not have a difficulty at my room on that night over me. Wm. Brent was not at my room on the night in question, nor was Grant Brooks. Grant Brooks did not see us in my room together; they did not have any difficulty there over me, and Grant Brooks did not knock me down that night. I wore smoked glasses on the day of my trial, and had been wearing them a few days before. I had fallen over some material that was being used in building the new cracker factory, and received the cut where this scar is (indicating). The cut was on my nose and nearly between the eyes. My eyes were discolored from my fall, and not from a blow given me by Grant Brooks nor any one else.

Grant Brooks testified: I was summoned as a witness, was sworn and testified in the police court of Fort Smith on the 23d of March, 1909, in a cause against Hallie Stewart, charged with using a room for the purpose of prostitution. I said I was not at Hallie Stewart's room on the night she was charged with using it for the purpose of prostitution with Wm. Brent; that I

did not see Hallie Stewart and Wm. Brent in her room together; that I did not knock her down that night in her room; that I did not have a difficulty with Wm. Brent over her that night in her room; that I had not been in her room for two months before the time I was testifying; that I had had no trouble with Wm. Brent for about four years.

The court read to the jury section 1968, Kirby's Digest, which provides: "Perjury is the wilful and corrupt swearing, testifying or affirming falsely to any material matter in any cause, matter or proceedings, before any court, tribunal, body corporate or other officer having by law authority to administer oaths;" and gave the following:

"2. If the jury finds from the evidence beyond a reasonable doubt that the defendant in the Fort Smith District of Sebastian County, within three years next before the finding of the indictment, was sworn as a witness in the police court of the city of Fort Smith, and after being sworn gave the evidence set out in the indictment, and that said evidence was false, and that the defendant at the time of giving said evidence knew it to be false, and testified to same wilfully and corruptly, knowing that it was false, you will find the defendant guilty.

"3. You are further instructed that if you find that the defendant gave the testimony set out in the indictment which is alleged to be false, the same is to be taken and considered by the jury as true until overturned by evidence which shows it to be false and which satisfies your minds of its falsity beyond a reasonable doubt."

The causes for convenience were on the motion of the parties and by consent consolidated and tried at the same time, and are so presented here.

*Edwin Hiner,* for appellants.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

WOOD, J., (after stating the facts.) There was no error in the instructions. The first instruction was a definition of perjury in the language of the statute. The second instruction did not tell the jury that the alleged false evidence must not only be shown to be false, but also material to the issue. This, how-

ever, was not necessary upon the undisputed facts of this record. For, if the alleged false evidence was given, it follows as matter of law that at least a part of it was material to the issue. The charge against appellants in the police .court was using a room for prostitution. It was therefore material as to whether Wm. Brent was occupying the room with Hallie Stewart on the night alleged. Where the undisputed evidence shows that the alleged false matters sworn to were material, it is not error to fail to instruct that such matters must be material to the issue. See *State* v. *Nees,* 47 Ark. 553. There being no dispute about the facts sworn to, the question of materiality was for the court. *Grissom* v. *State,* 88 Ark. 115.

Appellants' counsel contends that the third instruction is erroneous because it fails to tell the jury that appellants could not be convicted upon the uncorroborated testimony of one witness.

In *Thomas* v. *State,* 51 Ark. 138, this court announced the rule as follows: "On a trial for perjury, the oath of the defendant which is charged to have been false is to be considered equal to that of a credible witness. .One witness is sufficient to prove what he swore, but not to establish its falsity; and where there is only one accusing witness, his testimony must be corroborated, not merely as to slight or immaterial circumstances, but as to some particular false statement. See *Grissom* v. *State, supra.*

But where the uncontradicted testimony shows that there was corroborating evidence as to some particular false statement, the failure of the court to tell the jury that there must be corroborating evidence is not prejudicial error.

It is also urged that the evidence is not sufficient to sustain the verdict.

This contention is well taken as to appellant Hallie Stewart, but not as to Grant Brooks. We have set forth the evidence in detail in the statement, and a close scrutiny of it fails to disclose any corroboration of the testimony of the witness William Brent to the effect that he was with Hallie Stewart in the room on the night that it was alleged that the room was used for immoral purposes. The testimony of Brent was the only evidence that he was in the room of Hallie Stewart that night except the statement of Grant Brooks. But the statement of Grant Brooks can not be taken as evidence against Hallie Stewart.

As to appellant Brooks, however, the testimony of Eliza Brent tending to prove that he admitted being at Hallie Stewart's on the night alleged, and admitted seeing Wm. Brent there and having a fight with him, is sufficient corroboration of the testimony of Wm. Brent that he saw Grant Brooks at the room of Hallie Stewart on the night mentioned, and is sufficient corroboration of the testimony of Wm. Brent as to the falsity of the testimony of Brooks to the effect that he was not at the room of Hallie Stewart on the alleged night and did not see Brent there. The judgment as to Hallie Stewart is therefore reversed, and the cause as to her is remanded for new trial.

The judgment as to Grant Brooks is affirmed.