## WILSON v. STATE.

### Opinion delivered January 30, 1911.

1. CRIMINAL LAW—VENUE—BRINGING STOLEN GOODS INTO STATE.—Kirby's Digest, § 2100, authorizing the prosecution of a thief in any county in this State, into or through which he may have brought property stolen by him in another State, is not in conflict with the provision of the Constitution which secures to the accused a trial by a jury of the county in which the crime was committed. (Page 413.)

2. SAME—RECEIVING STOLEN GOODS.—Kirby's Digest, § 2100, authorizing the prosecution for larceny of one who stole property in another State and brought it into this State in any county of this State into which he brought the stolen goods, does not authorize the prosecution in this State of one who merely received stolen goods in another State and brought them into this State. (Page 414.)

Appeal from Craighead Circuit Court, Jonesboro District; *Frank Smith,* Judge; reversed.

*L. C. Going,* for appellant.

The indictment is brought, and this case is prosecuted, under authority of § 2100, Kirby's Digest. The essential elements of the crime are, the larceny *by the accused* of the property of another, in a foreign jurisdiction, within the statutory period of limitations, and the subsequent transportation of the same *by the accused* into this State. Since the indictment fails to allege all these essentials, it is fatally defective, and the demurrer should have been sustained.

*Hal L. Norwod,* Attorney General, and *William H. Rector,* Assistant, for appellee.

We confess error, in this: 1. Under the statute, Kirby's Dig., § 2100, an accessory after the fact to the crime of larceny committed in Tennessee cannot be indicted and tried in this State. 2. If an accessory to the crime of larceny committed in the State of Tennessee is subject to indictment and conviction in this State, he must be indicted as an *accessory,* and not as a *principal.* 76 Ark. 513; 91 Ark. 5; 65 Ark. 82; Kirby's Dig., § 1563; Wharton on Homicide, § § 67, 68; 3 Russell on Crimes, 145; 1 Bishop, Crim. Law, (8 ed.), § 692; *Id.* § § 137-142; 1 McClain, § § 552-553; 109 Ill. 565; 28 Tex. App. 1; 38 Ark. 568.

HART, J. Appellant was convicted of the crime of bringing stolen property into this State, and to reverse the judgment of conviction has duly prosecuted an appeal to this court.

The testimony on the part of the State tended to show that the property was stolen by appellant in the State of Tennessee, and was brought by him into this State.

The testimony on the part of appellant tends to show that he did not steal the property, but purchased it; and that, if in fact it had been stolen, he did not know it when he bought it. Appellant was indicted under section 2100 of Kirby's Digest, which reads as follows:

"Every person who shall steal or obtain by robbery the property of another in any other State or country, whether the same be within the jurisdictional limits of the United States or not, and shall bring the same within this State, may be indicted, tried and punished for larceny in the same manner as if such property had been feloniously stolen or taken within this State; and in any such case the larceny may have been charged to have been committed in any county into or through which such stolen property may have been taken."

"The statute which authorizes the prosecution of a thief in any county in this State where he may be found with property stolen in another State is not abrogated by the provision of the Constitution of 1874, which secures to parties a trial in the county in which the crime was committed." *State* v. *Johnson,* 38 Ark. 568.

The Attorney General, however, confesses error in this case because the court told the jury that it was not essential that the proof should show that appellant himself stole the goods in the State of Tennessee, but that the requirement of the law would be met if the evidence showed beyond a reasonable doubt that the appellant himself stole the goods or that he was an accessory either before or after the fact to the theft there. The confession will be sustained.

It will be noticed that the statute is directed against the person who steals the property, and proceeds upon the theory that, where the property was stolen in the first place, the act of removal by the thief into this State constitutes a new taking here, and this gives jurisdiction in Craighead County, where the property was carried. It is well settled, however, that the laws of the State of Arkansas have no extra-territorial effect. If the appellant had no connection with the original stealing of the goods, and was only guilty of the crime of receiving stolen goods, that crime was committed in the State of Tennessee, and appellant can not be punished for it here under section 2100, Kirby's Digest.

In order to convict under the statute, it must be shown that the person who committed the larceny in the first instance brought the property into this State and in this way show a continuous felonious intent, which is necessary to give the courts of this State jurisdiction. If appellant had no connection with the original stealing, and his only connection with the crime was that of receiving the goods after they were stolen, he committed no crime under the statute in question. 1 Bish., Crim. Law, § § 137, 142; 1 McClain, Crim. Law, § § 552-553; *Campbell* v. *People,* 109 Ill. 565; *West* v. *State,* 38 Tex. App. 1; Rapalje on Larceny, § 63.

It follows that the court erred in giving the instructions complained of, and the confession of error of the Attorney General is sustained.

The judgment will be reversed, and the cause remanded for a new trial.