BARRE v. STATE.

Opinion delivered July 10, 1911.

1. PERJURY—MATERIALITY OF TESTIMONY FOR COURT.—Where there is no dispute about the facts sworn to, the question whether the testimony on which perjury is assigned is material is a question of law to be decided by the court, and not of fact to be passed upon by the jury. (Page 630.)

2. EVIDENCE—FORMER TESTIMONY.—It was error in a criminal case to admit proof of the former testimony of an absent witness who is not shown to be dead, or beyond the court's jurisdiction, or where it is not shown that upon diligent inquiry the witness could not be found. (Page 631.)

3. SAME—FORMER TESTIMONY.—Proof of what an absent witness swore in an examining trial is inadmissible against the defendant in a criminal case where the testimony was given in a case where defendant was not a party, and where therefore he had no opportunity of cross examination. (Page 632.)

Appeal from Lawrence Circuit Court, Eastern District; R. E. Jeffery, Judge; reversed.

*Poindexter & Irby* and *Ponder & Ponder,* for appellant.

In a prosecution for perjury the record of conviction or acquittal of any other person, in any other case other than that in which the perjury is alleged to have been committed is inadmissible, 9 S. W. 436; 15 S. W. 118; 29 S. W. 1090; 40 Ark. 464; 90 Ark. 517; 58 Ark. 371; 60 Ark. 407; 33 Ark. 540; 38 Ark. 321; 47 Ark. 185. It was error to permit the stenographer who took down the evidence at the examining trial to read that evidence to the jury in the trial of the case. 66 Ark. 546; 33 Ark. 539; 16 Ark. 588; 45 Ia. 11; 78 Ia. 292. The materiality of the evidence must be established by evidence, and not left to presumption or inference. 32 Ark. 192; 47 Ark. 553; 88 Ark. 115.

*Hal. L. Norwood,* Attorney General, and *W. H. Rector,* for appellee.

An exception, without pressing the court to a ruling, is not enough. 74 Ark. 256; 131 S. W. 211. Where a part of a witness' testimony is admissible, an objection which does not point out the inadmissible part is insufficient. 25 Ark. 380; 48 Ark. 177; 7 Ark. 524; 16 Ark. 271; 7 Ark. 470; 16 Ark. 345; 18 Ark. 392; 58 Ark. 354.

HART, J. Sebastian Barre prosecutes this appeal to reverse a judgment of conviction against him for the crime of perjury. The body of the indictment is as follows:

"The grand jury of Lawrence County, Eastern District, in the name and by the authority of the State of Arkansas, accuse Sebastian Barre of the crime of perjury committed as follows, towit: The said Sebastian Barre on the 27th day of June, 1910, in the Eastern District of Lawrence County, Arkansas, on his examination as a witness duly sworn to testify the truth, the whole truth, and nothing but the truth, on the trial of a criminal proceeding then and there pending before J. P. Rogers, a justice of the peace, within and for the Eastern District of Lawrence County, Arkansas, between the State of Arkansas as plaintiff and J. C. Langston defendant, the oath aforesaid having been administered to the said Sebastian Barre by the said J. P. Rogers, justice of the peace, as aforesaid, then and there having authority to administer such oath, feloniously, falsely and corruptly testified substantially as follows, towit: 'On the 8th day of March, 1910, the day A. W. Shirey was assassinated at his store at Minturn, Arkansas, I saw Richard Tewell between 4 and 5 o'clock riding on a gray horse near Kelley's store in Minturn, Arkansas, between 4 and 5 o'clock in the afternoon of the 8th day of March, 1910, and he stayed there about an hour after he came to Kelley's store;' the matter so testified being material and the testimony being wilfully and corruptly false, against the peace and dignity of the State of Arkansas."

It appears that one A. W. Shirey was assassinated at his store in the town of Minturn, Arkansas, about 8 o'clock P. M., on the 8th day of March, 1910. J. C. Langston was charged with the offense, was arrested, and had preliminary examination before a magistrate. There were no eye witnesses to the killing, and the evidence against Langston was circumstantial. It was the theory of the State that Langston rode a gray horse from Hoxie, Arkansas to Minturn, and killed Shirey; that he then returned to Hoxie on the gray horse, and left there on a railroad train. Evidence was adduced to establish this fact. It was the contention of Langston that he was in the State of South Dakota when Shirey was killed, and that in consequence thereof he could not have been the rider of the gray horse. In support of his theory,

he introduced appellant as a witness, who testified that on the 8th day of March, 1910, the day A. W. Shirey was assassinated, he saw Richard Tewell between 4 and 5 o'clock in the afternoon near Kelley's store in the town of Minturn, and that he stayed there for about an hour.

Langston having been charged with the killing of Shirey and having interposed the defense of an alibi, his whereabouts during the evening of the killing was material to the issue. It was proved by the State, and not denied by the appellant, that he gave the testimony alleged in the indictment at the preliminary examination of Langston. In the case of *Nelson* v. *State,* 32 Ark. 192, Chief Justice ENGLISH speaking for the court, said:

"Proof that the testimony on which the perjury is assigned in this case was admitted before the coroner's inquest was not sufficient to warrant the jury to infer that such testimony was material. It often happens that immaterial testimony is admitted on trials and inquests." Again, he said: "When there is no dispute about the facts sworn to, the question whether the testimony on which perjury is assigned is material is a question of law to be decided by the court, and not of fact to be passed on by the jury." See also *Grissom* v. *State,* 88 Ark. 115.

Hence, there being no dispute about what appellant testified to in the examining trial of Langston, the court, under the facts above referred to, correctly instructed the jury that the testimony on which the perjury is assigned was material.

During the preliminary examination of Langston, the State introduced Mrs. Flora Henderson, who testified that she lived about one and one-half miles from Minturn; that on the day Shirey was killed she was working in the field near her house; that about 6 o'clock, or nearly dark, she saw a man ride by on a gray horse with his hat pulled over his eyes; that he was riding rapidly, and that she identified Langston as the rider of the gray horse. This testimony was reduced to writing, and at the trial of appellant the court permitted the State to read it to the jury. It was not shown by the State that Mrs. Reynolds was dead, beyond the jurisdiction of the court, or that upon diligent inquiry she could not be found. Hence the action of the court was erroneous and prejudicial to the rights of appellant. Then, too, the testimony was not given in a case where appellant was a party.

He was not present when she testified, and had no opportunity to cross examine her.

At the preliminary examination of Langston, Richard Tewell was also introduced as a witness by the defendant, and testified that on the 8th day of March, 1910, the day A. W. Shirey was killed, he went to Hoxie, got a gray mare from the livery stable and rode down to Minturn to see two of his uncles; that he left about 4:30 or 5:00 o'clock P. M., and got back to Hoxie about 8:30 or 9:00 o'clock P. M., and put the horse back in the stable; that he then caught a car and went on to Walnut Ridge.

On the next day he was called back to the witness stand by the State, and admitted that his testimony of the previous day was false. He said that on the 7th day of March, 1910, he got a gray horse at Walnut Ridge and rode to Minturn, returning about 8:30 o'clock P. M., but that he never got a horse at Hoxie in his life.

It was shown that Tewell was dead, and his testimony was read as evidence by the State at the trial of appellant. This was error. Of course, the first testimony taken corroborated that of appellant, and could not prejudice his rights; but, when it is considered with that introduced by the State on the next day, the whole testimony can but have the effect of contradicting the testimony of appellant himself. The effect of the testimony would be to show that the testimony given by appellant at the preliminary examination of Langston was untrue, and that was the issue in the present trial. Hence the testimony was prejudicial, and, if incompetent, its admission was erroneous.

Appellant was not a party in that case, was not present when Tewell was examined as a witness, and did not have either the opportunity or the right to cross examine him. Therefore the testimony was incompetent in the present case. *McNamara* v. *State,* 60 Ark. 400; *Sneed* v. *State,* 47 Ark. 180; *Vaughan* v. *State,* 58 Ark. 353, and cases cited.

With much force, counsel for appellant contend that the judgment be reversed because the evidence was not sufficient to warrant a verdict of guilty. We have not set out the evidence, and deem it unnnecessary to do so or to pass upon the sufficiency of the evidence in the present record because upon a new trial the evidence may be different.

Other assignment of error are pressed upon us for a reversal; but we think they are settled by the principles of law already declared.

For the error in the admission of testimony as above indicated, the judgment will be reversed, and the cause remanded for a new trial.