## SULLIVAN *v.* STATE.

## Opinion delivered October 13, 1913.

1. LARCENY—PROPERTY STOLEN IN ANOTHER STATE.—Under Kirby's Digest, § 2100, which makes it larceny punishable in Arkansas, to steal property in another State and bring the same into this State, in order to convict a defendant it must be proved that the defendant stole the property in another State and brought it into Arkansas. (Page 409.)

2. LARCENY—PROPERTY STOLEN IN ANOTHER STATE—EVIDENCE—SUFFICIENCY.—Evidence of defendant's unexplained possession of property shown to have been recently stolen in another State, and his confession of a guilty knowledge of the theft, *held* sufficient to warrant the jury in drawing the inference that he was guilty of stealing the property himself, and bringing it into this State. (Page 410.)

3. TRIAL—CONTINUANCE—DISCRETION OF THE COURT.—Matters of continuance are peculiarly within the discretion of the trial judge, and unless an arbitrary abuse of such discretion is affirmatively shown, the ruling of the court will not be disturbed. (Page 410.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Pratt P. Bacon,* for appellant.

1. Due diligence was shown, and the testimony of the absent witness was material in that it would refute the State's contention that the belts were the property of the witness Farmer. The denial of appellant's motion for a continuance was an abuse of discretion.

2. In a case of interstate larceny, before the court can acquire jurisdiction, it must affirmatively appear that the defendant himself stole the property in the foreign jurisdiction, and himself, with continuous felonious intent, brought it into the jurisdiction of the trial court. Appellant's possession of the property in Miller county was not sufficient evidence that he, with continuous felonious intent, brought it from the foreign jurisdiction. 38

Ark. 568. The question of jurisdiction may be raised at any time. 45 Ark. 346; *Id.* 450; 95 Ark. 405.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. There was no abuse of discretion in overruling the motion for continuance. Aside from appellant's statement there is nothing in the record to show either that a subpoena was ever issued for the witness, or that he was absent in Louisiana temporarily.

2. There is proof sufficient to justify the inference that appellant himself stole the belts in Louisiana, which, taken in connection with his possession of them in Miller County, and his unsatisfactory explanation of such possession, warrants the verdict. 79 Ark. 432; 101 Ark. 473-485. On the question of continuous felonious intent, see 97 Ark. 412, 414.

McCULLOCH, C. J. The indictment against the defendant, George W. Sullivan, contained two counts, the first charging him with the crime of grand larceny by stealing two gin belts, of the value of $40 and $20, respectively, the property of one J. P. Farmer, and the other count charging him with receiving stolen property of said J. P. Farmer, knowing it to have been stolen. On trial of the case before a jury, defendant was found guilty of grand larceny under the first count.

The testimony adduced by the State tended to show that two belts, belonging to Farmer, were stolen from the latter's gin house just across the State line in the State of Louisiana about the last of November, 1912, and that within a few days thereafter, Farmer and his son found the belts on the machinery of the gin operated by the defendant in Miller County, Arkansas. Farmer and his son, and another witness, identified the property as belts which had been recently stolen from his gin house in the State of Louisiana. When Farmer found his belts in possession of defendant, he asked the latter where he had gotten them, and defendant declined to state who he got the belts from, saying, according to the testimony, that he "got them from a dangerous man, a dangerous

character," and that he knew they were stolen belts when he bought them, because he had only paid about half-price for them.

There is a statute in this State with reference to the crime of larceny committed by bringing stolen property into the State, which reads as follows:

"Every person who shall steal or obtain by robbery the property of another, in any other State or country, whether the same be within the jurisdictional limits of the United States or not, and shall bring the same within this State, may be indicted, tried and punished for larceny, in the same manner as if such property had been feloniously stolen or taken within this State, and in any such case the larceny may be charged to have been committed in any county into or through which such stolen property may have been taken." Section 2100, Kirby's Digest.

In the recent case of *Wilson* v. *State*, 97 Ark. 412, the court, speaking of that statute, said:

"In order to convict under the statute, it must be shown that the person who committed the larceny in the first instance brought the property into this State, and in this way show a continuous felonious intent, which is necessary to give the courts of this State jurisdiction. If appellant had no connection with the original stealing, and his only connection with the crime was that of receiving the goods after they were stolen, he committed no crime under the statute in question."

The court in its instructions to the jury properly defined the offense, telling the jury that, in order to convict the defendant of larceny, they must find that he stole the property in the State of Louisiana and brought it into Miller County, Arkansas.

It is insisted, however, that the evidence is not sufficient to establish the fact that defendant was a party to the theft of the property in the State of Louisiana, so as to make him guilty of larceny in bringing it into this State.

A consideration of the testimony adduced convinces

us, however, that defendant's unexplained possession of the property shown to have been recently stolen, and his confession of a guilty knowledge of the theft were sufficient to warrant the jury in drawing the inference of fact that he was guilty of stealing the property himself and bringing it into this State. *Gunter* v. *State,* 79 Ark. 432; *Douglass* v. *State,* 91 Ark. 492; *Wiley* v. *State,* 92 Ark. 586; *Jackson* v. *State,* 101 Ark. 473.

We think that the case was properly submitted to the jury and that the evidence was sufficient to sustain the conviction.

There is another assignment of error in the overruling of defendant's motion for a continuance.

He alleged in his motion that his son was an important witness, setting out material testimony which the witness would give, and alleged that the witness was in the State of Louisiana, but that his attendance could be procured at the next term of the court. He further stated in the motion that the witness, though his son, was unfriendly to him.

The motion sets up an unusual state of facts, in showing that the son, only a few months before, at the time of the commission of the offense, was with the defendant, his father, and on friendly terms, yet was unfriendly at the time of the trial, so that the defendant was not accountable for his absence. In view of the fact that defendant rested upon the mere statement of these things in his motion, without any proof to establish this unusual condition with reference to alleged estrangement between father and son, we are of the opinion that it can not be said that the court abused its discretion in refusing to continue the case for the term. Matters of continuance are peculiarly within the discretion of the trial judge, and unless an arbitrary abuse of such discretion is affirmatively shown, the ruling of the court will not be disturbed.

We are convinced that this case was fairly tried, and that the judgment should be affirmed. It is so ordered.