FOSTER *v.* STATE.

Opinion delivered September 23, 1929.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

MEHAFFY, J. The appellant was convicted of the crime of perjury, his punishment fixed at one year in the penitentiary, and he prosecutes this appeal to reverse the judgment of the circuit court. Appellant has filed no abstract or brief, but his motion for a new trial raised the questions that the verdict was contrary to law and to the evidence and that the court erred in giving and refusing certain instructions.

The indictment charged, in proper form, that appellant committed the crime of perjury in testifying falsely at a trial in the Hempstead Circuit Court, in a case where Gray Dodson was charged with the crime of selling whiskey; that appellant testified in said case that he saw N. C. Reed and C. E. Hester at the home of Gray Dodson on a certain date, and that Reed and Hester came to Dodson's house, and that appellant was on the front porch of Dodson's house, and that Reed and Hester took a quart fruit-jar of whiskey out of the car and brought it on Gray Dodson's premises, and that appellant and Dodson drank some of the whiskey.

The witnesses Reed and Hester both testified that the testimony given by appellant in the trial of Dodson was not true; that they did not take any whiskey there, but bought the whiskey from Dodson. Dodson was being tried for selling whiskey, and appellant was a witness, and undertook by his testimony to show that Reed and

Hester brought the whiskey there and that they did not buy it from Dodson. The question was whether Dodson sold whiskey. This was a material question in the trial of said Dodson. There was ample evidence to justify the jury in finding the defendant guilty. There is no dispute about the witness having been sworn and about his testifying in the case of State v. Dodson.

A number of other witnesses testified, but it is not important to set out the testimony. There was some conflict in the testimony about whether certain witnesses were present, and also about whether some of the witnesses who testified were at Dodson's place at the time it was charged the whiskey was sold, but these were questions for the jury, and the verdict settled them against the appellant. *Wright* v. *State,* 177 Ark. 1039, 9 S. W. (2d) 233.

The appellant urges a reversal of the case because the court, in one of the instructions, told the jury, with respect to the materiality of the testimony, ''if you find he gave such testimony, you are told it was material.'' In other words, the court told the jury that the testimony was material, and appellant contends that this question should have been submitted to the jury.

All the evidence with reference to the trial of State v. Dodson and the testimony of appellant given in that case is uncontradicted, and, when the facts are undisputed, the question of whether the testimony is material is for the court and not for the jury. 2 Wharton's Criminal Law, 1700.

''When there is no dispute about the facts sworn to, the question whether the testimony on which perjury is assigned is material, is a question of law to be decided by the court, and not of fact to be passed on by the jury.'' *Nelson* v. *State,* 32 Ark. 192; *Grissom* v. *State,* 88 Ark. 115, 113 S. W. 1011; *Barre* v. *State,* 99 Ark. 629, 139 S. W. 641; 30 Cyc. 1456.

It was therefore proper for the court to tell the jury that the testimony was material.

Appellant also complains at the refusal of the court to give instruction No. 7, requested by him, which, in effect, told the jury that, if the evidence on behalf of the defendant raised in their minds a reasonable doubt, they must acquit. This was not a correct instruction. If, after considering the evidence in the whole case, there was a reasonable doubt, he should have been acquitted. But the court fully and correctly instructed the jury with reference to reasonable doubt, and what we have said above disposes of all the other questions raised by the defendant.

The judgment of the circuit court is affirmed.