CARTER, BLEVINS AND BURKS *v.* STATE.

Opinion delivered April 28, 1930.

*W. R. Donham,* for appellants.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith, Assistant,* for appellees.

HUMPHREYS, J. The appellants were separately indicted in the circuit court of Saline County for perjury, and the cases were consolidated for trial, which resulted in verdicts and judgments of conviction of each, imposing a penalty of one year in the State penitentiary upon them, from which is this appeal.

A reversal of the judgments is first sought upon the grounds that the indictments contained no negation of the truth of the alleged false testimony, and no facts showing the materiality of the alleged false testimony.

The alleged false evidence of each appellant set out in the respective indictments is, with slight variances, the same. Copying from the Blevins' indictment the alleged false testimony is as follows: * * * "did then and there unlawfully, willfully, feloniously, falsely and corruptly swear and testify that he, the said Troy Blevins, on a Sunday around the first of August, 1929, saw Ira Buckalew and Mart Ogle firing the woods; that Mart Ogle had a fire built up around a pine stump; that Ira Buckalew did not have anything in his hands at first, but he took up a pine torch, and, when he, the said Ira Buckalew, saw him, the said Troy Blevins, the said Ira Buckalew dropped the torch and left; that he, the said Troy Blevins, positively identified the said Ira Buckalew and Mart Ogle, and knows they were setting the woods on fire, and that the fire was on the Burks property."

The rule is that it is not necessary to negative the truth of the alleged false testimony in an indictment if the alleged false testimony itself necessarily implies that its converse is true, and what the converse is. In that event the implication is equivalent to such an allegation. *Loudermilk* v. *State,* 110 Ark. 549, 162 S. W. 569. The necessary implication from the allegation in the instant case is that appellant did not see Ira Buckalew and Mart Ogle fire the woods back of Billy Burk's property in Saline County, and that said parties did not fire the woods. The averment in the indictment was sufficient without an express negation therein as to the truth of the alleged false testimony.

The contention that the indictment is fatally defective for failure to set out facts showing the materiality of the alleged false testimony is based upon the failure to set out therein the crime with which Ira Buckalew and Mart Ogle were charged before E. T. Holliman, a justice

of the peace in and for Saline township, Saline County, in which appellants testified, and the alleged false testimony concerning an offense committed in Saline County. The indictment alleged false testimony in a certain criminal case in the justice court of E. T. Holliman in Saline township, Saline County, who had jurisdiction to try said case, wherein the State of Arkansas was plaintiff and Ira Buckalew and Mart Ogle were defendants, and also alleged that the false testimony given by them was to the effect that they saw said defendants, Ira Buckalew and Mart Ogle, firing the woods back of Billy Burks' place. The necessary inference from these allegations was that the defendants were charged with firing the woods within Saline township, Saline County. The justice of the peace would not have had jurisdiction to try the case, had the offense charged been committed outside his territorial jurisdiction. There was an affirmative allegation in the complaint that the alleged false testimony was material in the case, so, when each indictment is read as a whole, it is apparent that appellants were charged with falsely swearing in the case in which Ira Buckalew and Mart Ogle were charged with the crime of setting fire to the woods back of Billy Burks' place in Saline County. The crime charged against Ira Buckalew and Mart Ogle was inferentially set out in the indictments, and the venue was sufficiently alleged.

Appellants also contend for a reversal of the judgments on the ground that the evidence was insufficient to show that the crime charged against Ira Buckalew and Mart Ogle, in which it was alleged appellants testified falsely, occurred in Saline County. The record reflects that the affidavit in the case of State v. Ira Buckalew and Mart Ogle alleged they committed the offense of firing the woods back of Billy Burks' property in Saline County, and all of the testimony was to the effect that the offense was committed back of Burks' property. This testimony was sufficient to establish the venue of the crime in which Ira Buckalew and Mart Ogle were tried in Saline County.

It is also contended that the judgments should be reversed because the court allowed T. E. Holliman and Elizabeth Canaday to testify concerning the nature of the offense for which Ira Buckalew and Mart Ogle were tried, but this contention is based upon the erroneous assumption that there was no allegation in the indictments as to the offense against them having been committed in Saline County.

Appellants also contend that the trial court erred in giving instructions numbered 2, 3 and 4 submitting the question of the materiality of the alleged false testimony to the jury. This contention is based upon the erroneous assumption that there was no allegation of fact in the indictments to show that the alleged false testimony was material, and no evidence in the record to show what the defendants testified to seeing occurred in Saline County. As there was no dispute about the facts sworn to, the court should have told the jury that the testimony was material. *Foster* v. *State,* 179 Ark. 1084, 20 S. W. (2d) 118. In submitting the question of materiality to the jury, no prejudice therefore resulted to appellants.

Appellants also contend for a reversal of the judgments because the court refused to give instruction No. 6 requested by appellants, which is as follows: "The mere fact that the prosecuting attorney may have inserted in the information filed in the justice of the peace court that the offense of firing the woods happened on the fourth day of August cannot be considered by you as evidence in this case for any purpose whatever."

This instruction was not requested until after the jury had retired to deliberate upon the case, and it was in the discretion of the court at that time to refuse to give the instruction. Without deciding the correctness of the instruction as a matter of law applicable to the facts, appellants should have requested it before the cause was submitted, and cannot complain because the court refused to give it after the cause was submitted to the jury.

No error appearing, the judgment is affirmed.

Mr. Justice BUTLER dissents.