BRYANT *v.* STATE.

4374                                    185 S. W. 2d 280

Opinion delivered February 12, 1945.

*D. D. Glover,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

MILLWEE, J.  Appellant was convicted of perjury, his punishment fixed at one year in the penitentiary, and he prosecutes this appeal to reverse the judgment of the circuit court.

On September 27, 1944, the grand jury of Hot Spring county returned an indictment against appellant as follows: ''The Grand Jury of Hot Spring county, in the name and by the authority of the State of Arkansas, accuse Hershel Bryant of the crime of perjury committed as follows, to-wit: The said Hershel Bryant in the county and state aforesaid, on the 26th day of September, A. D. 1944, on his examination as a witness before the grand jury, duly selected, empaneled, sworn, and charged to inquire in and for the body of the county of Hot Spring

at the July, 1944, term of the circuit court of said county, of which said grand jury, Oscar Kimzey was duly appointed foreman and thereby duly authorized and empowered to administer oaths to witnesses before said grand jury; the said Hershel Bryant was duly sworn to testify the truth, the whole truth and nothing but the truth by the said Oscar Kimzey as foreman of said grand jury aforesaid, on the examination of a certain matter and charge by the State of Arkansas against one Verna B. Thrasher for allegedly committing the crime of assault with intent to kill on or about September 9, 1944, then pending before the grand jury aforesaid, the said Hershel Bryant feloniously, willfully, falsely and corruptly testified that he was not present at a dice game over which an altercation arose between Verna B. Thrasher and Princel Adams; that he was not present when Verna B. Thrasher shot at Princel Adams with a shotgun, and that he knew nothing about said dice game or shooting except what he had heard from others; that the matter so testified was material, and said testimony was willfully and corruptly false, the truth being that the said Hershel Bryant was present and participating in said dice game and was present and saw the said Verna B. Thrasher shoot at the said Princel Adams with said shotgun, and knew the facts pertaining to the altercation and the shooting, against the peace and dignity of the State of Arkansas.

"Prosecuting Attorney Jim C. Cole

"By: W. H. McClellan

"Acting Prosecuting Attorney."

On October 5, 1944, appellant filed a motion for continuance of the case until the next term of court, alleging that he had not had time to prepare for trial, that some of his witnesses could not be found, and that Verna B. Thrasher should first be tried on a charge of assault to kill in order to determine whether the alleged testimony of appellant before the grand jury was false or material. The motion did not name any witness whose presence was necessary to appellant's defense or otherwise comply with § 1494 of Pope's Digest which sets out

the requisites of a motion to postpone a trial on account of the absence of evidence. We have often held that the granting or refusing of a motion for continuance is addressed to the sound discretion of the trial judge, and unless an arbitrary abuse of such discretion is affirmatively shown, the ruling of the court will not be disturbed. *Price* v. *State,* 57 Ark. 165, 20 S. W. 1091; *Sullivan* v. *State,* 109 Ark. 407, 160 S. W. 239. No abuse of such discretion has been shown in this case and the court did not commit error in overruling the motion.

Appellant next filed his "Demurrer and Motion for Bill of Particulars" which was overruled by the trial court. The short form of indictment permissible under § 22 of Initiated Act No. 3 of 1936 (Acts of 1937, p. 1384) was not used in this case. This section provides that it shall not be necessary to include a statement of the act or acts constituting the offense, unless the offense cannot be charged without doing so, but that the state, upon request of the defendant, shall file a bill of particulars, setting out the act or acts upon which it relies for conviction. The indictment herein contains all the requirements of the statute in force prior to the adoption of Act No. 3, *supra,* and sets out the acts which constitute the alleged offense of perjury. It appears, therefore, that appellant already had a bill of particulars in the indictment and this motion was properly denied. *Brockelhurst* v. *State,* 195 Ark. 67, 111 S. W. 2d 527.

It is also insisted that the State failed to prove venue. Section 26 of Initiated Act No. 3, *supra,* provides: "It shall be presumed upon trial that the offense charged in the indictment was committed within the jurisdiction of the court, and the court may pronounce the judgment accordingly, unless the evidence affirmatively shows otherwise." The offense of perjury herein is alleged to have been committed by appellant's false testimony before the grand jury of Hot Spring county. It is clearly shown by the evidence and admitted by appellant that he testified before the grand jury sitting at Malvern, and the charge of perjury is based upon this testimony. We judicially know that Malvern is the county seat of

Hot Spring county. We think there is sufficient proof of venue, which may be shown by a mere preponderance of the evidence, without indulging in the presumption thereof under the provisions of § 26 of Act No. 3, *supra.*

Appellant contends the indictment is void because it is signed by W. H. McClellan as "Acting Prosecuting Attorney," and that there is no provision in the statute for an acting prosecuting attorney to sign an indictment. We find it unnecessary to determine whether or not an acting prosecuting attorney is clothed with this authority, since we have held that it is not necessary to the validity of an indictment that it be signed by the prosecuting attorney. It is sufficient if found by the grand jury and indorsed by the foreman. *Anderson* v. *State,* 5 Ark. 444; *Watkins* v. *State,* 37 Ark. 370; *Robinson* v. *State,* 177 Ark. 534, 7 S. W. 2d 5.

Appellant also contends that the evidence is insufficient to sustain the verdict and judgment of the trial court. In making this contention appellant attacks the credibility of the state's witnesses and contends that no weight should have been given to such testimony by the jury. The evidence, when viewed in the light most favorable to the State, tends to show that appellant was present and participated in a dice game near Shag Miller's store at Perla, near Malvern, Arkansas, with several other negroes, when Verna B. Thrasher and Princel Adams engaged in a quarrel and Thrasher shot at Adams with a shotgun. The transcribed notes of the court reporter who took appellant's testimony before the grand jury were introduced in evidence. In this testimony appellant stated that he was not present at the dice game and knew nothing about the trouble between Thrasher and Adams. As a witness in his own behalf at the trial of this case, appellant admitted that he gave this testimony before the grand jury, his defense being predicated upon the truth of his statements before that body. Adams and Thrasher testified for the State that appellant was present at the dice game, observed the altercation between them, and saw Thrasher shoot at Adams with a shotgun. This evidence conflicted with that offered by

appellant, but is substantial, and it was the province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and the jury's findings are binding upon this court on appeal. *Higgins* v. *State,* 204 Ark. 233, 161 S. W. 2d 400.

Appellant's objections to the instructions are based upon the court's action in determining, as a matter of law, that defendant's testimony before the grand jury was material to the inquiry therein being conducted. If there had been any dispute as to the testimony of appellant before the grand jury, then the question of materiality would become one of fact to be determined by the jury. Where, however, there is no dispute about the facts sworn to, the question whether the testimony on which perjury is assigned is material, is a question of law to be decided by the court. *Nelson* v. *State,* 32 Ark. 192; *Grissom* v. *State,* 88 Ark. 115, 113 S. W. 1011; *Barre* v. *State,* 99 Ark. 629, 139 S. W. 641; *Foster* v. *State,* 179 Ark. 1084, 20 S. W. 2d 118.

The testimony of appellant before the grand jury was not only uncontradicted but admitted. A part of this testimony, at least, was material to the issue before the grand jury. This body was investigating an alleged charge of assault to kill by Verna Thrasher against Princel Adams, which occurred at a dice game. Appellant's testimony before the grand jury that he was not present at said game and knew nothing about the alleged shooting was clearly material to the issue under investigation. The court, therefore, correctly instructed the jury that appellant's testimony before the grand jury was material and did not commit error in a refusal to submit the materiality of such testimony to the jury. *Brooks* v. *State,* 91 Ark. 505, 121 S. W. 740.

It is finally insisted that prejudicial error occurred when the court overruled an objection to the following statement made by the prosecuting attorney in his argument to the jury: "The grand jury rendered an indictment in this case, charging the defendant with perjury, now it is up to you to do your duty, to go out and con-

vict him." We must assume that petit jurors are conscientious and intelligent men, and we do not see how they could have been misled by the statement of the prosecuting attorney. They, of course, knew that an indictment had been returned by the grand jury. The remainder of the statement, in our view, simply amounted to an expression of opinion by the prosecuting attorney as to the duty of the jurors in the enforcement of the criminal laws. The statement was not calculated to cause the jury to disregard the oath they had taken to try the case according to the law and the evidence. The prosecuting attorney has a right to express his opinion about what it is the duty of the jurors to do in the enforcement of the law. *Blackshare* v. *State,* 94 Ark. 548, 128 S. W. 549, 140 Am. St. Rep. 144; *Hall.* v. *State,* 161 Ark. 453, 257 S. W. 61.

We find no reversible error in the record. The judgment of the circuit court must, therefore, be affirmed.